IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMIN GERLACH, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>WELLS FARGO & CO.,<br><br>            Defendant._____/ | No. C 05-0585 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

Defendant Wells Fargo & Co. moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the first and second claims for relief in the complaint filed by Plaintiff Jasmin Gerlach. Plaintiff opposes the motion. The matter was heard on May 20, 2005. Having considered the parties' papers and oral argument on the motion, the Court DENIES Defendant's motion to dismiss.

BACKGROUND

The following facts are alleged in Plaintiff's complaint. Plaintiff, from October, 1995 to October, 2004, worked as a business systems employee for Wells Fargo in Phoenix, Arizona. At all times relevant to this action, Plaintiff was covered by the Wells Fargo Cash Balance Plan (Plan), a pension benefits

plan organized under the Employee Retirement Income Security Act (ERISA). Defendant is both the Plan's sponsor and the Plan's administrator.

During her employment with Defendant, Plaintiff routinely worked more than forty hours per week. However, she was not paid overtime compensation (one and one-half times her regular hourly wage) for her overtime work because Defendant illegally classified her and all other business systems employees as exempt from the Fair Labor Standards Act (FLSA). Plaintiff was not exempt from the FLSA because her job duties involved little or no exercise of discretion and did not require special expertise. In addition, Defendant failed to keep proper time records of Plaintiff's overtime work.

Under the Plan, participants' pension benefits are determined in large part by the total amount of certified compensation they earn. By withholding Plaintiff's premium overtime pay, Defendant failed to take into account all certified compensation owed to Plaintiff, thereby illegally reducing the amount of pension benefits to which she is entitled.

On February 9, 2005, Plaintiff filed her complaint, which alleges three causes of action. The first two causes of action, on behalf of Plaintiff and all business systems employees employed by Defendant within the past six years (ERISA class), allege
(1) failure to maintain adequate records for purposes of calculating ERISA benefits, and (2) violation of ERISA section

2

404(a)(1) for breach of fiduciary duty.  Plaintiff requests, pursuant to section 502(a)(3), that Defendant credit her and the ERISA class with all earned overtime pay as certified compensation.  Plaintiff's third cause of action, on behalf of herself and all business system employees employed by Defendant within the last three years (FLSA class), alleges that Defendant violated the FLSA by failing adequately to compensate non-exempt employees for overtime work.  On April 8, 2005, Defendant moved to dismiss the first and second causes of action.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "Each averment of a pleading shall be simple, concise, and direct.  No technical forms of pleading or motions are required."  Fed. R. Civ. P. 8(e).  These rules "do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).

## DISCUSSION

3

I.   Whether Unpaid Overtime Qualifies as Certified Compensation

Defendant's first argument is that Plaintiff's ERISA claims should be dismissed because the Plan's definition of certified compensation does not include owed but unpaid overtime. Under section 2.9 of the Plan, certified compensation is defined as "all compensation paid to the Participant by the Participating Employer during a particular calendar quarter for service as an Active Participant which is reportable on Form W-2." Thus, certified compensation has three required elements, according to Defendant: (1) it must have been paid, (2) during a calendar quarter, and
(3) it must be reportable on the employee's W-2 form. Defendant argues that Plaintiff's ERISA claims fail because Plaintiff requests pension credits for allegedly owed overtime compensation that was never paid.

Defendant further argues that it is allowed to define what constitutes compensation for purposes of calculating pension benefits. In support of this argument, Defendant cites <u>Haberern v. Kaupp Vascular Surgeons Ltd. Life Defined Benefit Pension Plan</u>, 24 F.3d 1491, 1502 (3rd Cir. 1994), in which the Third Circuit held that a pension plan could exclude certain types of pay, including bonus pay, from its definition of compensation.

Plaintiff does not dispute that Defendant could have defined certified compensation to exclude certain types of pay, specifically overtime pay. Plaintiff notes, however, that the Plan does not exclude overtime pay from its definition of certified compensation. What Plaintiff argues is that, once

4

1  Defendant has established a pension plan, it is under an
2  obligation to provide benefits according to the terms of that
3  plan.  See 29 U.S.C.
4  § 1102(a)(1).
5      Defendant's argument is not persuasive.  Under Defendant's
6  interpretation of the Plan, a Plan participant could earn wages
7  that qualify, under terms of the Plan, as certified
8  compensation, but could be deprived of the corresponding pension
9  credits if Defendant illegally withheld those wages.  The
10 central allegation of the complaint, which must be accepted as
11 true for purposes of this motion, is that Defendant violated the
12 FLSA by not paying Plaintiff overtime wages for overtime work.
13 As Plaintiff argues, Defendant should not be permitted to create
14 the illusion of establishing a pension benefit plan under ERISA,
15 only to avoid thereafter the obligation to pay benefits by
16 violating federal law.
17 II.  Whether Plaintiff Can Bring a Section 502(a)(3) Claim
18     Defendant next argues that Plaintiff may not bring her
19 second cause of action, which seeks injunctive relief under
20 section 502(a)(3) for breach of fiduciary duty, because
21 Plaintiff requests credit to her pension account, for which
22 section 502(a)(3) does not provide.  Defendant notes that
23 section 502(a)(3) of ERISA provides only for injunctive relief
24 or "other appropriate equitable relief."  29 U.S.C. §
25 1132(a)(3).
26     In support of its argument, Defendant cites Pengilly v.
27 Guardian Life Ins. Co. of Am., 81 F. Supp. 2d 1010 (N.D. Cal.
28

2000).  In Pengilly, the plaintiff sought, under section 502(a)(3), to have his disability benefits increased because he argued that the company benefits plan had breached its fiduciary duty by impermissibly under-calculating his monthly income, thereby reducing his disability benefit payment.  81 F. Supp. 2d at 1025.  A judge of this District dismissed the claim, ruling that the plaintiff's claim was not encompassed by section 502(a)(3) because that provision was a "catchall" meant to provide equitable relief where section 502 did not otherwise provide for adequate remedies.  Id. at 1026, citing Varity Corp. v. Howe, 516 U.S. 489, 512 (1996).  According to the Pengilly court, section 502(a)(1)(B) "already provides plaintiff an adequate remedy if in fact Guardian has deprived him of benefits due him under his ERISA plan."  Id.  Defendant also relies on Forsyth v. Humana, Inc., 114 F.3d 1467 (9th Cir. 1997).  In Forsyth, the court similarly ruled that relief was not available under section 502(a)(3) where adequate remedies were available elsewhere in the statute.  114 F.3d at 1475.

Both Forsyth and Pengilly are distinguishable.  In Forsyth, the Ninth Circuit rejected the plaintiffs' attempt to bring a section 502(a)(3) claim because they had already won a judgment for damages on a section 502(a)(1) claim arising out of the same conduct.  114 F.3d at 1475.  In Pengilly, the plaintiff's section 502(a)(3) claim sought direct payment of pension benefits that the plaintiff alleged he was owed; the judge ruled that section 502(a)(1)(B) provided the plaintiff with an adequate remedy.  81 F. Supp. 2d at 1025.  Here, Plaintiff does

6

not seek relief under section 502(a)(3) arising out of conduct for which she has already recovered under a different provision of section 502, nor does she seek direct payment of pension benefits.  Rather, Plaintiff seeks equitable relief under section 502(a)(3).  Plaintiff relies primarily upon Matthews v. Chevron Corp., 362 F.3d 1172 (9th Cir. 2004).  In that case, the plaintiffs sued Chevron, their former employer, for breach of fiduciary duty because they alleged that they should have been classified as "involuntarily terminated," thus becoming eligible for a special enhancement benefit.  Id. at 1176-77.  The Ninth Circuit ordered the defendant, pursuant to section 502(a)(3), to modify its records and label the plaintiffs "involuntarily terminated," thereby making them eligible for the enhancement package.  Id. at 1186.  Addressing the defendant's argument that the order was, in substance, an order to pay damages, and was therefore outside of the scope of section 502(a)(3), the court ruled, "On its face, an order to modify plan records is not an award of monetary damages.  More importantly, the relief granted by the district court here is also equitable in substance."  Id.

Matthews applies here.  In Plaintiff's second cause of action, she seeks an injunction requiring Defendant to correct the Plan's record of her pension account, and the accounts of all other similarly-situated business systems employees, to include compensation that she alleges the class should have been paid for working overtime.  It is true that, should Plaintiff prevail in this lawsuit, Defendant would be obliged to pay Plaintiff and others similarly situated higher pension benefits.

7

However, as the Matthews court noted, "the mere payment of money does not necessarily render the award compensatory 'monetary damages'" that are not permissible under section 502(a)(3). Here, on its face, correcting the Plan's records of pension accounts to include owed certified compensation is not an award of money damages; and, the relief, should it ultimately be granted, is equitable in substance.

At the hearing, Defendant attempted to distinguish Matthews by arguing that, in that case, the plaintiffs could not sue under any provision of section 502 other than section 502(a)(3). Defendant asserted that, in this case, Plaintiff's claim arises under section 502(a)(1)(B), so she may not seek relief under section 502(a)(3). That is not the case. Plaintiff's claim is not a direct claim for benefits, which would fall under section 502(a)(1)(B), but, rather, a claim for an injunction requiring Defendant to correct the Plan's records to credit Plaintiff with allegedly earned certified compensation. As the Matthews court ruled, the fact that correcting the Plan's records would increase the benefits to which Plaintiff would be entitled does not preclude this relief. Defendant also argued at the hearing that the plaintiffs in Matthews were no longer employed by Chevron and, thus, no longer covered by the company's unemployment plan. However, Plaintiff is also a former employee of Wells Fargo, and is no longer covered by the Plan.

For the foregoing reasons, Plaintiff may pursue her second cause of action under section 502(a)(3).

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint (Docket No. 8) is DENIED.

IT IS SO ORDERED.

Dated: 6/13/05                         /s/ CLAUDIA WILKEN
                                       CLAUDIA WILKEN
                                       United States District Judge