1  Todd F. Jackson – CA State Bar No. 202598
   Claire Kennedy-Wilkins – CA State Bar No. 231897
2  LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
   1330 Broadway, Suite 1800
3  Oakland, CA 94612
   Email: tjackson@lewisfeinberg.com,
4      ckwilkins@lewisfeinberg.com
5  Telephone: (510) 839-6824
   Facsimile: (510) 839-7839

6  Steven G. Zieff – CA State Bar No. 84222
   David A. Lowe - CA State Bar No. 178811
7  Patrice L. Goldman – CA State Bar No. 142855
   Email: sgz@reztlaw.com dal@reztlaw.com,
8      plg@reztlaw.com
   Rudy, Exelrod & Zieff, LLP
9  351 California Street, Suite 700
   San Francisco, CA 94104
10 Telephone:   (415) 434-9800
   Facsimile:   (415) 434-0513
11
   *[Additional Counsel Appear Following Signature Page]*
12 Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMIN GERLACH, and REGGIE PLACE, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & CO., WELLS FARGO BANK, N.A., AND WELLS FARGO SERVICES COMPANY,<br><br>Defendants. | Case No. C-05-0585-CW<br><br>**DECLARATION OF DAVID A. LOWE IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF HOFFMANN-LA ROCHE NOTICE** |
| WELLS FARGO BANK, N.A.,<br><br>Counterclaimant,<br><br>vs.<br><br>JASMIN GERLACH,<br><br>Counterdefendant. | Date: January 13, 2006<br>Time: 10:00 a.m.<br>Place: Courtroom 2, 4th Floor |

I, DAVID A. LOWE, declare:

1. I am an attorney at law duly admitted to practice in the State of California, and am a partner with the law firm of Rudy, Exelrod & Zieff, LLP, attorneys of record herein for plaintiffs. I make these statements based on personal knowledge and would so testify if called as a witness at trial.

2. This Declaration is submitted in support of Plaintiffs' Motion for Approval of Hoffmann-La Roche Notice.

3. Shortly after learning the identity of defense counsel, I wrote to defense counsel and requested that defendant "voluntarily produce contact information for current and former employees identified in the Complaint as potential members of the FLSA collective class and to cooperate in providing those employees with an opportunity to opt in to the case." I expressed concern that, absent such information, potential collection action members would not be aware of the action, would not join in the action in a timely fashion, and would have their claims adversely affected by the passage of time. Should defendant have any privacy concerns, I expressed that those could be adequately addressed by a confidentiality agreement. I also requested that defendant agree to toll the statute of limitations for all prospective collective action members from the date of the filing of the complaint. Attached hereto as Exhibit 32 is a true and correct copy of the March 16, 2005 letter from me to Nancy E. Pritikin, one of defendants' attorneys.

4. On March 18, 2005, Ms. Pritikin forwarded a letter to plaintiff's counsel, stating, among other matters, that defendant would not agree to toll the statute of limitations.

5. On May 4, 2005, plaintiff's counsel met with defense counsel. Among the issues discussed was the scope of the affected collective action members. In response to a question from Ms. Pritikin regarding the affected job classification, plaintiff's counsel stated that the case was brought on behalf of all persons who are, were or will be employed by Wells Fargo as Business Systems Consultants, Business Systems Analysts or any other job title with similar primary job duties of those positions. Plaintiff's counsel pointed out to defense counsel that the operative Complaint collectively referred to these employees as "Business Systems Employees"

6. Also discussed at May 4, 2005 meeting of counsel was plaintiff's counsel's request that defendant voluntarily produce contact information for all potential collective action members. Counsel stated their concern that, absent such information, notice could not issue to such individuals and their ability to join in the action would be hindered, if not prevented, due to no fault of the employees. Counsel also repeated the request that defendant agree to equitably toll the statute of limitations. Defense counsel again refused to produce any contact information voluntarily. Defense counsel did agree to consider some type of tolling agreement.

7. I followed up the meeting of May 4, 2005 with a letter confirming the substance of the communications of that date. Attached hereto as Exhibit 33 is a true and correct copy of the May 10, 2005 letter from me to Nancy E. Pritikin.

8. During meet and confer sessions regarding initial disclosures, I requested again that defendant produce contact information for all potential collective action members so that they could be provided notice of this action. Defense counsel refused this request again.

9. On or about June 20, 2005, first sets of amended requests for production of documents were served upon defendants Wells Fargo & Co. and Wells Fargo Bank, N.A. Request No. 6 to Wells Fargo & Co. and Request No. 64 to Wells Fargo Bank, N.A. requested documents providing names, residential addresses and telephone numbers, social security numbers, and information regarding the work history of each potential collective action members. On or about July 20, 2005, defendants responded to these requests. Each defendant refused to produce any information that would have provided names or contact information for any individual. Attached hereto as Exhibit 34 and 35 are true and correct relevant excerpts from Defendants' Responses to Plaintiff's First Set of Requests for Production of Documents and Things to Wells Fargo & Company and Wells Fargo Bank, N.A.'s Response to Plaintiff's First Set of Requests for Production of Documents and Things to Wells Fargo Bank, N.A., respectively.

10. Because defendants have refused to produce identifying information regarding potential collective action members, plaintiffs have been unable to inform similarly situated employees about this case or their right to opt in.

11  In late May of 2005, the parties arrived at an agreement regarding equitably tolling the claims of the potential collective action members. The parties agreed that such claims would be tolled for 120 days commencing May 19, 2005 and ending September 16, 2005. The tolling agreement did not revive any claim that was barred by the passage of time as of May 19, 2005 nor did it affect any motion by plaintiff regarding equitable tolling of the statute of limitations arising independent of the agreement. Attached hereto as Exhibit 36 is a true and correct copy of the Stipulation Re: Tolling of Statute of Limitations.

12. Well before September 16, 2005, plaintiffs' counsel approached defense counsel about extending the tolling agreement. After much discussion, the parties agreed to extend the tolling of the statute of limitations through November 18, 2005. Only at the time of the final negotiations of the tolling agreement did defense counsel claim that the initial tolling agreement did not apply to any e-Business Systems Consultants or to any Business Systems Employees employed at Wells Fargo Services Company prior to its merger with Wells Fargo Bank, N.A. Plaintiffs contended that the tolling agreement covered all BSEs regardless of location and job title. Thus, the parties dispute the coverage of the initial tolling agreement. The parties do agree that the claims of e-Business Systems Consultants employed by Wells Fargo & Co. or Wells Fargo Bank, N.A and all Business Systems Consultants, Business Systems Analysts, and/or e-Business Systems Consultants employed by Wells Fargo Services Company have been tolled from September 7, 2005, the date of entry of the Second Amended Complaint, to November 18, 2005. Attached hereto as Exhibit 37 is a true and correct copy of the Stipulation and Order to Extend Tolling and Continue Case Management Conference. The tolling agreement appears at pages 3 and 4 of this document.

13. I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed this 4th day of November, 2005, at San Francisco, California

DAVID A. LOWE

**ATTORNEYS FOR PLAINTIFFS:**

Todd F. Jackson – CA State Bar No. 202598
Claire Kennedy-Wilkins – CA State Bar No. 231897
LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: tjackson@lewisfeinberg.com,
  ckwilkins@lewisfeinberg.com

James M. Finberg – CA State Bar No. 114850
Jahan C. Sagafi – CA State Bar No. 224887
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: jfinberg@lchb.com;
  jsagafi@lchb.com

Steven G. Zieff – CA State Bar No. 84222
David A. Lowe - CA State Bar No. 178811
Patrice L. Goldman – CA State Bar No. 142855
Rudy, Exelrod & Zieff, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone:   (415) 434-9800
Facsimile:   (415) 434-0513
Email: sgz@reztlaw.com dal@reztlaw.com,
  plg@reztlaw.com

Robert Ira Spiro – CA State Bar No. 067641
Rebecca Sobie – CA State Bar No. 179562
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064-1625
Telephone: (310) 235-2468
Facsimile: (310) 235-245
Email: ispiro@smbhblaw.com;
  rsobie@smbhblaw.com