NANCY E. PRITIKIN, Bar No. 102392
R. BRIAN DIXON, Bar No. 076247
KRISTA A. STEVENSON, Bar No. 185241
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys for Defendants and
WELLS FARGO & COMPANY,
WELLS FARGO BANK, N.A. and WELLS
FARGO SERVICES COMPANY and
Counterclaimant WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND BRANCH

| | |
|---|---|
| JASMIN GERLACH and REGGIE PLACE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & CO., WELLS FARGO BANK, N.A., and WELLS FARGO SERVICES COMPANY,<br><br>Defendants. | Case No. 05-CV-00585-CW<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS'** *HOFFMANN-LA ROCHE* **NOTICE AND CONSENT FORMS AND DEFENDANTS' ALTERNATIVE NOTICE AND CONSENT FORMS**<br><br>Hearing Date: January 13, 2006<br>Time: 10:00 A.M.<br>Place: Courtroom 2, 4th Fl.<br>Judge: Hon. Claudia Wilken |
| WELLS FARGO BANK, N.A.,<br><br>Counterclaimant,<br><br>v.<br><br>JASMIN GERLACH,<br><br>Counterdefendant. | |

Defendants WELLS FARGO & CO., WELLS FARGO BANK, N.A. and WELLS FARGO SERVICES CO. object to Plaintiffs' proposed Notice and Consents to Join forms attached

as Exhibits A and B to Plaintiffs' proposed order granting Plaintiffs' motion for approval of *Hoffmann-LaRoche* Notice. Defendants request that the Court approve Defendants' proposed Notice of Lawsuit and Consent to Join Lawsuit forms, attached to this objection as Exhibits A and B. In submitting this objection and alternative notice and consent forms, Defendants do not admit that any notice is appropriate and as set forth in their opposition, believe that the proposed class is not similarly situated.

Plaintiffs' proposed notice and consent forms are improper in five material respects: they fail to provide potential class members the opportunity to seek their own legal representation; they lack a sufficient statement of neutrality; the consent form is improperly captioned as a pleading; the forms place Plaintiffs' counsel in complete control of the "opt-in"; and the lengthy cutoff date is completely unwarranted.

First, Plaintiffs' counsels' proposed notice and consent forms are deficient in that they fail to explain the right of each potential class member to obtain independent legal representation. Indeed, their proposed notice simply commands, "If you choose to join this suit, your interests will be represented by the named plaintiffs through their attorneys, as counsel for the class." This shortcut around prospective class members' right to the counsel of their choosing has also been expressly rejected by district courts. *Walker v. Mountain States Tel. & Tel .Co.*, 112 F.R.D. 44, 48 (D. Colo. 1986) (holding that notice was defective for failing to explain the right of each class member to obtain independent legal representation) *vacated in part on other grounds*, 1988 WL 1000060 (D. Colo. 1988). An eligible participant in this collective action should be entitled to join the action by obtaining his or her own counsel, or represent himself or herself if that participant desires to do so. The notice should advise a potential participant of this option.

Second, the contents of Plaintiffs' proposed notice and consent forms fail to comport with general notions of fairness and neutrality enunciated by the Supreme Court in *Hoffmann-LaRoche*. There, the Supreme Court stated:

In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous with respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action. 493 U.S. at 174.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' OBJECTIONS TO PLAINTIFFS'
*HOFFMANN-LA ROCHE* NOTICE

2.

Case No. C 05-0585 CW

Plaintiffs' notice contains a lackluster statement of neutrality buried in text at the end of the document. Plaintiffs' "Description Of The Lawsuit" is one-sided and argumentative. The proposed notice describes the case with little reference to the fact that the violations are only alleged, not proven. In its current form, the description categorizes Defendants' actions as violative of the FLSA. The description fails to mention that Defendants' deny that they have violated the law.

Third, Plaintiffs' counsel has gone so far as to draft its consent form with the pleading caption attached. This attempt to cast judicial imprimatur upon such documents has been expressly rejected. In *Flores v. Lifeway Foods, Inc.*, 289 F.Supp. 2d 1042, 1047 (N.D. Ill. 2003), the district court held that a notice containing such a caption should not be approved. The court explained that such "judicial imprimatur" is likely to be misunderstood as a representation that the suit probably has merit. *Id.; see also Walker v. Mountain States Tel. & Tel. Co., supra,* 112 F.R.D. at 48 (holding that notice was defective for several reasons, including that the consent form was captioned as a pleading).

Fourth, Plaintiffs' proposal assumes that they will be permitted to control entirely the process for sending and receiving these forms. *See* Section 216(b) ("No employee shall be a party plaintiff unless he gives his consent in writing to become such a party *and such consent is filed in court.*") (emphasis added). Allowing such unfettered discretion for Plaintiffs to contact potential opt-ins at will and to control entirely the opt-in procedure lends itself only to their abuse of that process. Any person who chooses to opt-in should be instructed to file the Court-approved consent with the Clerk of the Court. Additionally, potential participants should be able to direct questions about the lawsuit to both Plaintiffs' and Defendants' respective counsel. Prior to his or her decision to join the action, no attorney-client relationship arises between a potential participant and Plaintiffs' attorneys. *See generally, Parks v. Eastwood Ins. Services, Inc.*, 235 F.Supp.2d 1082 (C.D. Cal. 2002). Therefore, Plaintiffs' attorneys should not be the sole conduit for information given to potential participants.

Fifth, and finally, Plaintiffs' proposed Notice currently sets a 120-day deadline for potential class members to file their consent. There is no legitimate reason for such a lengthy opt-in window. The establishment of a cut-off date for the filing of consents ensures notice to Defendants

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' OBJECTIONS TO PLAINTIFFS'
*HOFFMANN-LA ROCHE* NOTICE     3.     Case No. C 05-0585 CW

...

...

in a reasonable time. A number of cases have determined that a one-month deadline for the filing of consents is appropriate. *See Crain*, 30 W&H Cases (BNA) at 1454 (one month and four days from date of order for plaintiffs to opt-in.); *Allen v. Marshall Field & Co.*, 93 F.R.D 438, 449, App. C (N.D. Ill. 1982) (one month and five days from date of order.); *Haynes v. Singer*, 696 F. 2d 884 (11th Cir. 1983) (one month.). If notice is given -- which Defendants firmly believe is not appropriate under the circumstances --Defendants would suggest 30-day deadline.

For the foregoing reasons, Defendants respectfully asks that the Court authorize Notice and Consent under the terms described in this motion and proposed order and in the format illustrated by Exhibits A and B.

Dated: December 2, 2005

*/s/ Nancy E. Pritikin*

KRISTA A. STEVENSON
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
Attorneys for Defendants and
WELLS FARGO & COMPANY,
WELLS FARGO BANK, N.A. and WELLS
FARGO SERVICES COMPANY and
Counterclaimant WELLS FARGO BANK, N.A.

Firmwide:80622750.1 021021.1017

**EXHIBIT A**

## **NOTICE OF LAWSUIT**

**TO [INSERT DESCRIPTION OF CLASS]:**

This Notice is being sent to you to describe a lawsuit that you may wish to join and to advise you how to join the lawsuit, if you wish to.

1. **Description Of The Lawsuit:** The Plaintiffs are two former employees of Wells Fargo Bank, N.A. These Plaintiffs have sued in their own names and as representatives of similarly situated employees who have allegedly been unlawfully paid because they were not paid for their overtime work in the manner required by the federal Fair Labor Standards Act ("FLSA"). Defendants deny that they have failed to pay any overtime as required by law. Defendants deny that they owe any monies to Plaintiffs or others similarly situated.

2. **The Court Has Expressed No Opinion Regarding The Merits Of The Lawsuit:** This Notice is only for the purpose of determining the identity of persons who wish to be involved in this case and has no other purpose. This Notice and its contents have been authorized by the United States District Court for the Northern District of California. The Federal Court has taken no position in this case regarding the merits of Plaintiffs' claims or of Defendants' defenses and there is no guarantee the Court will grant any relief in this case.

3. **The Right To Request Inclusion And The Effect Of Inclusion:** If you wish to be included in this lawsuit, you must file the form attached to this Notice entitled "Consent To Join Lawsuit" with the Clerk of the Court for the United States District Court for the Northern District of California. If you do not wish to be included, you need not do anything; however, you should understand that you will not be able to receive the benefits, if any, of a judgment in favor of Plaintiffs or a settlement achieved by the representative group. If you choose to join in the suit, you will be bound by the final resolution, whether it is favorable or unfavorable, including the possibility that Defendants may obtain an award of costs that must be paid in equal shares by the Plaintiffs to Defendants. While this suit is pending, you may be required to respond to written questions, sit for depositions, and testify in court.

If you want to be included, you must complete the attached form and mail the original by no later than _____ [30 days from the date of mailing of the Notice and Consent to Join] to:

>   COURT CLERK
>   United States District Court for the
>   Northern District of California
>   1301 Clay Street
>   Suite 400
>   Oakland, California 94612

4.  **Responsibility For Costs And Fees:** Should you decide to join the lawsuit, you will not be required to pay Plaintiffs' counsel any money for costs or attorneys' fees to prosecute the lawsuit. If Plaintiffs succeed in recovering any money through a judgment or settlement, Plaintiffs' counsel will seek an award of attorneys' fees and costs to be paid out of the funds recovered or from Defendants directly. The Court will make that determination at the end of the lawsuit. If Defendants prevail, they may obtain an award of costs to be paid by the individual Plaintiffs.

5.  **Further Information:** Further information about this lawsuit may be obtained by contacting the lawyers representing the Defendants or Plaintiffs. The attorneys for Wells Fargo are:

>   Nancy E. Pritikin, Bar No. 102392
>   R. Brian Dixon, Bar No. 076247
>   Krista A. Stevenson, Bar No. 185241
>   LITTLER MENDELSON
>   A Professional Corporation
>   650 California Street, 20th Floor
>   San Francisco, CA  94108.2693
>   Telephone:     415.433.1940
>   Facsimile:     415.399.8490

Plaintiffs Jasmin Gerlach and Reggie Place are represented by:

2.

| | |
|---|---|
| Todd F. Jackson, Esq.<br>Claire Kennedy-Wilkins, Esq.<br>Lewis, Feinberg, Renaker & Jackson, PC<br>1330 Broadway, Suite 1800<br>Oakland, CA 94612<br>Tel. (510) 839-6824<br>Fax. (510) 839-7839 | Steven G. Zieff, Esq.<br>David A. Lowe, Esq.<br>Patrice Goldman, Esq.<br>Rudy, Exelrod & Zieff<br>351 California Street, Suite 700<br>San Francisco, CA 94104<br>Tel. (415) 434-9800<br>Fax (415) 434-0513 |
| James M. Finberg, Esq.<br>Jahan C. Sagafi, Esq.<br>Lieff, Cabraser, Heimann & Bernstein<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>Tel. (415) 956-1000<br>Fax. (415) 956-1008<br>Peter S. Rukin, Esq.<br>Rukin Hyland Doria & DuFrane LLP<br>100 Pine Street, Suite 725<br>San Francisco, CA 94111 | Robert Ira Spiro, CA State Bar No. 67641<br>Spiro, Moss, Barness, Harrison & Barge, LLP<br>11377 W. Olympic Boulevard, Floor 5<br>Los Angeles, CA 90064-1625<br>Tel. (310) 235-2468<br>Fax. (310) 235-2456 |

Dated:_____    _____
HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT B**

## CONSENT TO JOIN LAWSUIT AS A PARTY PLAINTIFF

*Gerlach, et. al. v. Wells Fargo & Co., et. al., United States District Court for the Northern District of California.* 05-CV-00585-CW.

I understand that this lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. I consent, agree, and opt-in to become a party plaintiff to this lawsuit. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

I work or have worked for Wells Fargo Bank, N.A. from _____ to _____ as a Business System Consultant Levels 2-6 in _____ _____ [city/state].

_____  _____
FULL NAME                                                                          SIGNATURE

_____  _____
ADDRESS                                                                              DATE SIGNED

_____
TELEPHONE NUMBER

### CHECK ONE BOX

☐ I want to be represented by Plaintiffs' counsel: Lewis, Feinberg, Renaker & Jackson, P.C., Lieff Cabraser, Heimann & Bernstein, LLP, Rudy, Exelrod & Zieff, LLP, Spiro Moss Barness Harrison & Barge, and Rukin Hyland Doria & DuFrane LLP.

☐ I do not want to be represented by Plaintiffs' counsel. I have retained the following lawyer to represent me in this lawsuit:

_____
NAME OF ATTORNEY

_____
ADDRESS

_____
TELEPHONE NUMBER

☐ I do not want to be represented by counsel. I want to represent myself in this lawsuit.