1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT

14

NORTHERN DISTRICT OF CALIFORNIA

15

16

| JASMIN GERLACH, and REGGIE PLACE, on behalf of themselves and those similarly situated, | Case No.  C-05-0585-CW |
|---|---|
| Plaintiffs, | **ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS CERTIFICATION** |
| vs. | |
| WELLS FARGO & CO., WELLS FARGO BANK, N.A., AND WELLS FARGO SERVICES COMPANY, | |
| Defendants. | |
| WELLS FARGO BANK, N.A., | |
| Counterclaimant, | |
| vs. | |
| JASMIN GERLACH, | |
| Counterdefendant. | |

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT
AGREEMENT C-05-0585-CW

WHEREAS, the motion of Plaintiffs Jasmin Gerlach and Reggie Place, for class certification, preliminary approval of settlement, approval of the form and manner of notice to the class, and other matters, having been filed on September 29, 2006, came under this Court's consideration;

WHEREAS, Plaintiffs have alleged claims against Defendants for violations of the Employee Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA"), California's Unfair Competition Law, Business and Professions Code Section 17200 *et seq.* ("UCL"), and California wage and hour laws, for failure to pay required overtime, failure to properly keep and maintain records, and failure to credit all overtime compensation earned or owing as Certified Compensation under the Wells Fargo Cash Balance Plan.

WHEREAS, the Defendants expressly deny the allegations of wrongdoing and violations of law alleged in this action, and further deny liability whatsoever to Plaintiffs or to the Class Members;

WHEREAS, the litigation has been ongoing, discovery has revealed additional issues, and the operative complaint is subject to amendment.

WHEREAS, Class Counsel have engaged in extensive discussions and negotiations with Defendants and their counsel concerning a resolution of the issues raised in this action, including four separate one-day mediation sessions which were conducted under the auspices of the Honorable Edward A. Infante (Magistrate Judge, Retired); and

WHEREAS, the parties have proposed a settlement of the action, the terms of which are embodied in the Joint Stipulation of Settlement attached hereto as Exhibit A ("Settlement Agreement").

**IT IS HEREBY ORDERED:**

1.　　To the extent defined in the Settlement Agreement attached hereto as Exhibit A and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

2.　　Pursuant to the Settlement Agreement and Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action for purposes of settlement.  The Classes are defined as follows:

A.　　A Nationwide Opt-out Class ("Nationwide Class") of persons who have worked as Wells Fargo Business Systems Consultants, Levels 2-6, and e-Business Systems Consultants, Levels 2-6, from February 9, 2002 to September 2, 2006 in states other than California:  for violation of the FLSA, from February 9, 2002 to September 2, 2006.

B.　　A California Opt-out Class ("California Class") of persons who have worked as Wells Fargo Business Systems Consultants, Levels 2-6, and e-Business Systems Consultants, Levels 2-6, from August 29, 2001 to September 2, 2006 in California: for claims under California law for time worked in California, from August 29, 2001 to September 2, 2006.

3.　　Those classes are all sufficiently numerous that joinder is not practicable.  The Nationwide Class has approximately 3277 members.  The California Class has approximately 1288 members.  These numbers include 84 individuals who are in both Classes.

4.　　There are questions of law and fact common to the members of the Nationwide Class and the California Class.  The questions of law and fact common to the members of the Nationwide Class and the California Class include whether the employees are properly classified as exempt from overtime, whether Wells Fargo failed to pay overtime compensation, and whether

[PROPOSED] ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT　　　- 3 -
AGREEMENT C 05-0585 CW

Wells Fargo unlawfully failed to keep and furnish employees with records of hours worked.  For settlement purposes, these common issues predominate over any individual issues.

5.      The claims of the Class Representative of the Nationwide Class and the California Class are typical of the claims of the members of those classes.  The claims of the Nationwide and California Classes and the Class Representative arise out of the same facts and present the same legal theories because they all arise out of Wells Fargo's policy of classifying the employees at issue as overtime-exempt, not paying them overtime compensation for overtime hours worked, and not keeping and maintaining records related to hours worked.

6.      The proposed Class Representative will fairly and adequately protect the interests of the Nationwide Class and the California Class.  He has retained counsel who, collectively, have the experience and resources necessary to provide adequate representation of the classes and meet the requirements of Rule 23(g)(1).

7.      The Court hereby approves Reggie Place as representative of the Classes and appoints the law firms of Lewis, Feinberg, Renaker & Jackson, P.C., Rudy, Exelrod & Zieff, LLP, Lieff, Cabraser, Heimann & Bernstein, LLP, and Spiro, Moss, Barness, Harrison & Barge, LLP as Class Counsel.

8.      The Court hereby preliminarily approves a service payment in the amount of $15,000 to Class Representative Reggie Place and costs of administration payable to the Claims Administrator, estimated to be approximately $70,000.

9.      Subject to the receipt and consideration by the Court of any objections to or comments on the Settlement Agreement at the hearing described in Paragraph 14 of this Order, the Court finds the Settlement Agreement and all of its terms to be fair, just, equitable, and in the best interests of the members of the Class.  The proposed Settlement falls within the range of possible Settlement approval, was negotiated at arms length, and is worthy of being presented to

[PROPOSED] ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT                    - 4 -
AGREEMENT C 05-0585 CW

the Class Members for their comments.  The Court hereby preliminarily approves the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure.

10.     By no later than November 5, 2006, the Claims Administrator shall cause to be mailed by first class mail the Notice of Proposed Class Action Settlement and Settlement Hearing (the "Notice") and the Opt-out Form in substantially the form attached as Exhibits B and C to the Joint Stipulation of Settlement attached as Exhibit A hereto, to the current or last known address of each Class Member.

11.     By no later than January 5, 2007, Class Counsel, shall serve and file a sworn statement by the Claims Administrator evidencing compliance with the provisions of Paragraph 10 of this Order.

12.     The Notice to Class Members given in compliance with the provisions set forth in Paragraph 10 above is hereby found to be the best notice practicable under the circumstances, and constitutes due and sufficient notice, in full compliance with the requirements of Rule 23(3) of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

13.     All reasonable costs incurred in identifying and notifying Class Members, as well as administering the Settlement, shall be paid as set forth in the Settlement Agreement.

14.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, a hearing (the "Settlement Hearing") shall be held before the undersigned at 10:00 a.m. on January 19, 2007 in Courtroom 2, United States District Court for the Northern District of California, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, CA 94612-5217 to determine the fairness, reasonableness, and adequacy of the proposed Settlement and whether it should be finally approved, and to consider the motion of Class Counsel for attorneys' fees, costs, and expenses and the requested payment to Named Plaintiff Place.

15.     No Class Member shall be heard in opposition to the proposed Settlement, or, if approved, the judgments and other orders to be entered thereon, to the requested award of attorneys' fees, costs, and expenses, or to the requested payment to the Named Plaintiff, and no papers or briefs submitted by any such person shall be accepted or considered by the Court unless, on or before December 5, 2006, such person has filed with the Clerk of the Court and served upon counsel for all parties a written statement that indicates the specific basis for such person's objections, along with any supporting documentation.

16.     On or before December 15, 2006, Class Counsel shall file with the Court and serve on all parties their motion for attorneys' fees, costs, and expenses, and all papers in support thereof.

17.     On or before December 15, 2006, Plaintiff shall file a motion for Final Approval of Settlement and Dismissal of Action.

18.     Any Class Member who has met the requirements of paragraph 15 herein, or his or her representative, may appear at the Settlement Hearing in person or by telephone, and be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the proposed Settlement, the requested award of attorneys' fees, costs, and expenses, and the requested payment to Named Plaintiff Place.  Any Class Member who does not make his or her objections as required by Paragraph 15 herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, and adequacy of the proposed Settlement, the requested award of attorneys' fees and costs, and the requested payment to Named Plaintiff Place unless otherwise ordered by the Court.

19.     The Court expressly reserves its right to continue the Settlement Hearing from time to time without further direct notice to the Class.

[PROPOSED] ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT                   - 6 -
AGREEMENT C 05-0585 CW

1

**IT IS SO ORDERED.**

2

Dated: October 6, 2006

3

Claudia Wilken
United States District Court Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PRELIMINARILY
APPROVING PROPOSED SETTLEMENT          - 7 -
AGREEMENT C 05-0585 CW