UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMIN GERLACH, and REGGIE PLACE, on behalf of themselves and those similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>WELLS FARGO & CO., WELLS FARGO BANK, N.A., AND WELLS FARGO SERVICES COMPANY,<br><br>    Defendants. | Case No. C-05-0585-CW<br><br>**REVISED ORDER: (1) FINALLY APPROVING CLASS ACTION SETTLEMENT AND PLAN OF DISTRIBUTION; (2) ENTERING FINAL JUDGMENT; (3) APPROVING SERVICE PAYMENT TO NAMED PLAINTIFF REGGIE PLACE; (4) APPROVING THE PAYMENT OF REASONABLE COSTS TO THE CLAIMS ADMINISTRATOR; AND (5) RESERVING JUDGMENT** |
| WELLS FARGO BANK, N.A.,<br><br>    Counterclaimant,<br><br>vs.<br><br>JASMIN GERLACH,<br><br>    Counterdefendant. | Date: January 19, 2007<br>Time: 10:00a.m.<br>Place: Courtroom 2, 4th Floor<br>**Hon. Claudia Wilken** |

REVISED [PROPOSED] ORDER FINALLY APPROVING PROPOSED CLASS ACTION SETTLEMENT

1    WHEREAS, the Court having considered the Joint Stipulation of Settlement ("Settlement Agreement"), a full copy of which is attached hereto as Exhibit 1, and having preliminarily approved the same on October 6, 2006; and

   WHEREAS, the Court having entered an Order directing that notice be given to the Classes, and notice having been individually mailed to the Classes, and the Court having conducted a Fairness Hearing concerning the proposed settlement; and

   WHEREAS, the Court having reviewed the entire record of this action, and good cause appearing;

   **IT IS HEREBY ORDERED:**

   1.    To the extent they are defined in the Settlement Agreement, attached hereto as Exhibit 1 and incorporated herein by reference, the terms in this Order shall have the meanings set forth therein.

   2.    The Court has jurisdiction over the subject matter of this action, the Defendants, and the Classes.

   3.    The Court has determined that the notice given to the Classes fully and accurately informed all persons in the classes of all material elements of the proposed settlement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice to all Class Members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable laws.

   4.    The Court finally approves the Settlement Agreement as fair, reasonable and adequate in all respects to the Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedures, and orders the parties to consummate settlement in accordance with the terms of the Settlement Agreement.

   5.    The Plan of Distribution as set forth in the Settlement Agreement providing for the distribution of the Net Settlement Fund to Class Members is approved as being fair, reasonable, and adequate to the Settlement Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6. The Court approves the payment of $15,000 to Class Representative Reggie Place. This payment is for his service on behalf of the Classes which required of him substantial time and effort, as detailed in the papers submitted by Class Counsel. This payment is in addition to any amounts due him under the terms of the Plan of Distribution. The Court orders that this payment be made to him by Defendants in accordance with the terms of the Settlement Agreement.

7. The Court approves the payment of reasonable costs to the Claims Administrator, Settlement Services, Inc., not to exceed $70,000. In the event that the Claims Administrator's reasonable costs of administering this settlement exceed $70,000, the Claims Administrator shall file a declaration with the Court explaining the basis for the costs above $70,000 and seeking approval for payment of the additional reasonable costs out of the amount remaining from the Net Settlement Payment.

8. The Court grants Plaintiffs' request to deem all Opt-Out Forms which were properly submitted and postmarked by December 11, 2006 as valid, regardless of whether the Opt-Out Forms were accompanied by a photocopy of valid government-issued photo identification (as agreed to by the parties). In the event that a Class Member who submitted an Opt-Out Form without picture identification contests the validity of his or her opt-out, he or she will be required to prove by clear and convincing evidence that his or her Opt-Out Form was executed by someone else without his or her knowledge.

9. The Court grants Plaintiffs' request to deem the one timely submitted opt-out request which was submitted on a form other than the Opt-Out Form and without picture identification as valid. This Opt-Out request was submitted by Yolanda G. Rangel.

10. The Court grants Plaintiffs' request to deem all Opt-Out Forms which were not properly submitted and postmarked by December 11, 2006 as invalid.

11. The Court grants Plaintiffs' request to deem the two Opt-Out Form rescissions which were postmarked on December 12, 2006 as valid.

12. The Court certifies that the Class Members named below timely submitted valid Opt-Out Forms and will be excluded from the Settlement:

1   Amisha Amin, Stacey R. Anderson, William D. Appleby, Timothy A. Appleget, William
2   T. Beddingfield, Daniel Shane Biesemeyer, Stephanie A. Binney, Katherine Bober, Darla
3   R. Bonjour, Marvin K. Bricker, Pamela Kay Brownd, Brad S. Bunker, Pamela A.
4   Bushman, Yolanda R. Califana, Tina Marie Camacho, Jennifer A. Chapeau, Jodi D.
5   Cioara, Barbara J. Coopey, Bonnie Craig, Brad J. Crider, Lisa B. Davis, Jolynn Debry,
6   Cynthia L. Deziel, Ryan M. Diersen, Donna V. Dodge, Richard L. Eldridge, Christine D.
7   Fraser, Autumn Ganley, Diane L. Gault, Susan M. Gentry Frische, David Grant, Christine
8   V. Gray, Donna M. Greer, Mark P. Gustin, James Roy Hall, Anne M. Hess, Gina M.
9   Hilderbrand, Rhonda A. Hinkle, Kimberly Jean Holman, Judy Lynn Izzard, Ramona A.
10  Jacobsen, Howard W. Jacobson, Jeff J. Jaeger, Alicia Kahler, Elissa R. Kasper, Jean L.
11  Kass, Jacquelyn Elizabeth Kimball, Beverly J. Knutson, Debra L. Koch, Michele M.
12  Kofoed, Linda Kutka, Helen K. Lee, Jonathan Dickson Lofgren, Billie D. Logan,
13  Christopher A. Lopez, Julie Ann Luloff, Kelly-Sue Malmquist, Mark L. Manning, Jamie
14  Jo McCarthy, Kelsey N. McDonald,  Sara S. McDonald, Ruth A. McGee, Lilyrose
15  Mekjian, Angel D. Melvin, Sarah R. Miller, Tiffani A. Montez, Tana L. Moore, Kevin M.
16  Murphy, Chi Lien Natividad, Mark B. Nemzek, Leilani Nett, Julie A. Omo, Wendy M.
17  O'Neil, Maylene A. Park, Jason D. Pommrehn, Paul J. Pommrehn, Ann M. Radcliffe,
18  Yolanda G. Rangel, Debra K. Riser, Monica Rodriguez, Catherine J. Roerig, Christine
19  Josephine Rusin, Deborah K. Sailer, Swapnil Salunke, Jamie E. Schaeffer, Gerrit P.
20  Schuller, Jodi L. Schanno, Marina B. Shulman, Anthony O. Soto, Debra Faye Spencer,
21  Wendy L. Spooner, Brian Stangl, Kyle Douglas Stegh, Lane Strandberg, Pamela A.
22  Subject, Brenda L. Svoboda, Sandra L. Swoverland, Carol L. Thompson, Ronald G. Tiff,
23  Carol L. Thompson, Ronald G. Tiff, Ling To, Ranee L. Van Gelder, Valerie D. Vanduser,
24  Linda Venaglia, Michael A. Walton, Roberta Lynn Weaver, Janis D. Williams, Susan J.
25  Willis, Colleen M. Wojciechowski, Tena L. Woodcock, Sheila L. Wulf-Romero, Cynthia
26  A. Wylie, Carolyne M. Yerger, and Christie L. Zamora.

27      13.    The Court certifies that the Class Members named below untimely submitted Opt-
28  Out Forms and will be bound by the terms of the Settlement:

1  Cynthia Jo Longnecker, Natalie J. Monsen, and Jeffrey Ney.

2  14. The Court certifies that the Class Members named below submitted valid Opt-Out Form rescission requests and shall be bound by the terms of the Settlement:

Desmond O'Callaghan and Tammy McCauley.

15. The Court orders the Claims Administrator to file a final distribution plan, setting forth each participating Class Members' proportionate share of the Settlement Payment, under seal with the Court upon final distribution of the Settlement Fund.

16. The Court reserves exclusive and continuing jurisdiction over the class action, the Named Plaintiffs, the Classes, and the Defendants for the purposes of (a) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Preliminary Approval Order, the distribution of Settlement Payments, the Final Judgment, and this Order; and (b) hearing and determining the application by Class Counsel for an award of attorneys' fees, costs, and expenses.

**IT IS SO ORDERED.**

Dated: January 19, 2007

_____
Claudia Wilken
United States District Court Judge

REVISED [PROPOSED] ORDER FINALLY
APPROVING PROPOSED SETTLEMENT        - 5 -
AGREEMENT