1    Todd F. Jackson – CA State Bar No. 202598
Claire Kennedy-Wilkins – CA State Bar No. 231897
2    Michelle Roberts – CA State Bar No. 239092
3    LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
4    Oakland, CA 94612
Telephone: (510) 839-6824
5    Facsimile: (510) 839-7839

6    Steven G. Zieff, CA State Bar No. 84222
7    David A. Lowe, CA State Bar No. 178811
Patrice L. Goldman, CA State Bar No. 142855
8    RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
9    San Francisco, CA 94104
Telephone: 415.434.9800
10    Facsimile: 415.434.0513
11    *Attorneys for Plaintiffs*
[*Additional counsel appear on signature page.*]
12
NANCY E. PRITIKIN, Bar No. 102392
13    R. BRIAN DIXON, Bar No. 076247
KRISTA A. STEVENSON, Bar No. 185241
14    LITTLER MENDELSON
A Professional Corporation
15    650 California Street, 20th Floor
San Francisco, CA 94108.2693
16    Telephone:   415.433.1940
Facsimile:   415.399.8490
17    *Attorneys for Defendants.*

18                UNITED STATES DISTRICT COURT

19            NORTHERN DISTRICT OF CALIFORNIA

20                  OAKLAND BRANCH

| | |
|---|---|
| 21   JASMIN GERLACH and REGGIE PLACE, on behalf of themselves and all others similarly situated, | Case No.  05-CV-00585-CW |
| 22 | |
| 23           Plaintiffs, | **JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFFS JASMIN GERLACH AND REGGIE** |
| 24        v. | **PLACE AND DEFENDANTS WELLS FARGO & CO., WELLS FARGO BANK, N.A., AND WELLS FARGO SERVICES** |
| 25   WELLS FARGO & CO., WELLS FARGO BANK, N.A., and WELLS FARGO | **CO.** |
| 26   SERVICES COMPANY, | |
| 27          Defendants. | |

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**JOINT SETTLEMENT STIPULATION**                          **Case No.  05-CV-00585-CW**

WELLS FARGO BANK, N.A.,

          Counterclaimant,

v.

JASMIN GERLACH,

          Counterdefendant.

This Joint Stipulation of Settlement and Release ("Joint Stipulation") is made and entered into by and between Plaintiffs Reggie Place and Jasmin Gerlach, individually, Plaintiff Reggie Place as class representative on behalf of the Settlement Class (defined in Section 1(p), below), and Defendants Wells Fargo & Co., Wells Fargo Bank, N.A., and Wells Fargo Services Co. (collectively, "Defendants") on the other hand.  Nothing contained herein shall affect Jasmin Gerlach's status as a representative for the FLSA collective action that was certified by the Court in this case on March 28, 2006.  This Joint Stipulation and the settlement contemplated by this Joint Stipulation shall become effective upon the date of Effective Final Approval (defined in Section 1(i), below).

## I.   DEFINITIONS

1.      Unless otherwise defined herein, capitalized terms used in this Joint Stipulation shall have the meanings set forth below:

      a.      "Action" refers to the federal court action filed in the United States District Court, Northern District of California entitled JASMIN GERLACH and REGGIE PLACE, on behalf of themselves and all others similarly situated v. WELLS FARGO & CO., WELLS FARGO BANK, N.A., and WELLS FARGO SERVICES CO., and the Counterclaim, WELLS FARGO BANK, N.A. v. JASMIN GERLACH, Case Number 05-CV-00585-CW.

      b.      "Claims Administrator" shall mean Settlement Services Inc., who shall perform the customary duties of a Claims Administrator including, but not limited to, the duties enumerated in this Joint Stipulation.  All disputes relating to the Claims Administrator's ability and need to perform its duties shall be referred to the Court (defined in Section 1(f), below), if necessary, which shall have continuing jurisdiction over the terms and conditions of this Joint Stipulation until

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

JOINT SETTLEMENT STIPULATION          1.          Case No.  05-CV-00585-CW

1   all payments and obligations contemplated by this Joint Stipulation have been fully carried out.  The

2   Claims Administrator may be contacted c/o Gerlach v. Wells Fargo - Claims Administration Center,

3   c/o Settlement Services Inc., P.O. Box 10230, Tallahassee, FL 32302-2230.

4          c.   "Class Counsel" shall collectively and individually refer to Steven G. Zieff,

5   David A. Lowe, and Patrice L. Goldman of Rudy, Exelrod & Zieff, LLP, James M. Finberg and

6   Jahan C. Sagafi of Lieff, Cabraser, Heimann & Bernstein, LLP, Todd F. Jackson, Claire Kennedy-

7   Wilkins, and Michelle Roberts of Lewis, Feinberg, Renaker & Jackson, P.C., and Robert Ira Spiro of

8   Spiro, Moss, Barness, Harrison & Barge, LLP.

9          d.   "Class Representative" shall refer to Plaintiff Reggie Place.

10         e.   "Compensable Work Weeks" shall mean all weeks worked by Wells Fargo's

11  employees in the Covered Position during the Covered Period.

12         f.   "Court" refers to the United States District Court of the Northern District of

13  California, Honorable Claudia Wilken presiding.

14         g.   "Covered Period" shall mean the following:  For Covered Positions within

15  California, from August 29, 2001 through September 2, 2006.  For Covered Positions outside of

16  California, from February 9, 2002 through September 2, 2006.

17         h.   "Covered Positions" shall mean the positions of Business Systems Consultant,

18  Levels 2-6, and e-Business Systems Consultant, Levels 2-6, at Wells Fargo during the Covered

19  Period.  Wells Fargo has provided a list of all individuals whom Defendants believe are in the

20  Covered positions and payroll data from August 29, 2001 to July 22, 2006 for the California Class

21  Members and from February 9, 2002 to July 22, 2006 for the Class Members in states outside of

22  California.  Wells Fargo supplemented this list on September 18, 2006 by providing a list of all

23  payroll data from July 23, 2006 through September 2, 2006.

24         i.   "Effective Final Approval" means the first court day following the last of

25  each of the following occurrences:

26             i.   Entry by the Court of an Order of Preliminary Approval as described

27                   in Paragraph 41 (substantially in the form attached as Exhibit A),

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

JOINT SETTLEMENT STIPULATION      2.      Case No.  05-CV-00585-CW

1                                appointment of Class Counsel, and appointment of a Claims

2                                Administrator; and

                 ii.

3                                Entry by the Court of an Order Granting Final Approval of Class

4                                Action Settlement and Dismissing the Action With Prejudice; and

                 iii.

5                                Entry by the Court of a Final Judgment, dismissing the Action with

6                                prejudice; and

                 iv.

7                                The occurrence of the "Effective Date of Judgment," which shall be

8                                deemed to be the last to occur of the following:

9                              1.         Twenty court days after the date and time to appeal or to seek

10                                     permission to appeal or to seek other judicial review of the

11                                     entry of the Final Judgment approving the Settlement and

12                                   dismissing the Action with prejudice has expired with no

13                                   appeal or other judicial review having been filed, taken or

14                                   sought; or

15                            2.         If an appeal or other judicial review has been filed, taken or

16                                   sought, twenty court days after the date on which the Final

17                                   Judgment is finally affirmed by an appellate court (without any

18                                   alteration in the Settlement Payment or any material alteration

19                                 of any other terms of this Joint Stipulation including, but not

20                                 limited to, the nature and scope of the release) with no

21                                 possibility of subsequent appeal or other judicial review

22                                 therefrom, or ten court days after the date the appeal(s) or other

23                                 judicial review therefrom are finally dismissed with no

24                                 possibility of a subsequent appeal or other judicial review.

25                                 Provided, however, that an appeal or other judicial review of

26                                 Class Counsel's application for attorneys' fees and costs shall

27                                 have no effect on the Effective Date of Judgment or Effective

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**JOINT SETTLEMENT STIPULATION**          3.                  **Case No.  05-CV-00585-CW**

1      Final Approval, and shall be governed by the terms of

2      Paragraph 12(c) of this Settlement.

3          j.      Opt-out Form. "Opt-out Form" refers to Exhibit B, the Request for Opt-out

4 Form approved by the Settling Parties and subject to Court approval which a Settlement Class

5 Member must submit to exclude themselves from the release of claims pursuant to this Joint

6 Stipulation.

7          k.      "Final Judgment" shall mean the Order Granting Final Approval of Class

8 Action Settlement and Dismissing the Action With Prejudice and the separate Judgment entered

9 thereon by the Court.

10          l.      "Settlement Payment" means the $12,800,000.00 that Wells Fargo pays to

11 settle this lawsuit and shall include attorneys' fees and costs, the service payment to Reggie Place for

12 his service as Class Representative, and court-approved costs of settlement administration.  In

13 addition to the $12,800,000.00, Defendant shall pay the employers' share of FICA and FUTA taxes,

14 and other applicable employer tax contributions associated with wage payments to Class Members.

15          m.      "Net Settlement Payment" shall be the remainder of the Settlement Payment

16 after deductions of up to $3,200,000.00 for Class Counsel's attorneys' fees, up to $178,500 for Class

17 Counsel's costs, $15,000 for the service payment to the Class Representative, and approximately

18 $70,000 for the reasonable costs of the Claims Administrator associated with the administration of

19 this Settlement.

20          n.      "Notice" shall mean the Notice of Proposed Class Action Settlement and

21 Settlement Hearing, substantially in the form attached as Exhibit C.  Exhibit C is the notice approved

22 by the Settling Parties and subject to Court approval, which the Claims Administrator will mail to

23 each Settlement Class Member explaining the terms of the Settlement contemplated by this Joint

24 Stipulation.

25          o.      "Settlement" shall mean this Joint Stipulation of Settlement and Release and

26 the class action and collective action settlement contemplated by this Joint Stipulation.

27          p.      "Settlement Class" or "Settlement Class Members" shall mean present and

28 former employees disclosed by Wells Fargo on or before September 18, 2006 as having been

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION      4.      Case No.  05-CV-00585-CW

1    employed in at least one of the Covered Positions during the Covered Period on the database dated

2    September 18, 2006.

3          q.    "Settling Parties" shall collectively refer to the Class Representative,

4    Settlement Class Members, and Wells Fargo.

5          r.    "Unknown Claims" means any unknown claims, including a waiver of

6    California Civil Code Section 1542 and commensurate provisions of any other state law arising from

7    the subject matter of this litigation as set forth in Paragraphs 35-37 herein.  Section 1542 provides:

8            A general release does not extend to claims which the creditor does not
             know or suspect to exist in his or her favor at the time of executing the

9            release, which if known by him or her must have materially affected his or
             her settlement with the debtor.

10         s.    "Wells Fargo" shall mean Defendants Wells Fargo & Co., Wells Fargo Bank,

11   N.A., Wells Fargo Services Co., and their subsidiaries, predecessors, successors, and assigns that

12   employ employees in the Covered Positions.

13   **II.    BACKGROUND AND REASONS FOR SETTLEMENT**

14         2.    On February 9, 2005, Plaintiff Jasmin Gerlach, filed a complaint on behalf of herself

15   and all "Business Systems Employees" against Wells Fargo & Co. alleging FLSA collective action

16   and ERISA class action claims.  On July 5, 2005, Plaintiff Gerlach amended her complaint to

17   include Defendant Wells Fargo Bank, N.A. as a Defendant.  On September 16, 2005, Plaintiffs

18   Gerlach and Reggie Place filed the Second Amended Complaint, which added California wage, meal

19   break and unfair competition claims on behalf of a class of California employees, and added Wells

20   Fargo Services Co. as a defendant.

21         3.    Plaintiffs believe that the claims they have asserted in this Action are meritorious

22   based on alleged violations of California's wage and hour laws, California's Business & Professions

23   Code, ERISA, and the FLSA and that this Action is appropriate for class action treatment.  Wells

24   Fargo denies any liability or wrongdoing of any kind associated with the claims alleged in the

25   Action, and contends that, for purposes other than settlement, this Action is not appropriate for class

26   action treatment pursuant to Federal Rule of Civil Procedure 23.  Wells Fargo further contends that it

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**JOINT SETTLEMENT STIPULATION**          5.          **Case No.  05-CV-00585-CW**

1    has complied with the California Labor Code, the California Business and Professions Code, the

2    FLSA, ERISA, and the applicable Wage Orders of the California Industrial Welfare Commission.

3        4.    After four days of mediation, conducted on January 10, 2006, June 15, 2006, August

4    1, 2006, and August 4, 2006 by an experienced mediator, Honorable Edward R. Infante (Magistrate

5    Judge, Retired), together with continuing discussions and negotiations thereafter, this Settlement was

6    reached after arms-length negotiations by and among the Settling Parties.

7        5.    Class Counsel has conducted a thorough investigation into the facts of the Action,

8    including a review of relevant documents, and has diligently pursued an investigation of the claims

9    of Settlement Class Members against Wells Fargo. During the litigation, Class Counsel has

10   successfully opposed a Motion to Dismiss the ERISA claims, has successfully litigated a Motion for

11   Leave to Send *Hoffmann-La Roche* Notice, and has filed a Motion for Class Certification. During

12   discovery, Wells Fargo has provided, and Class Counsel have reviewed, tens of thousands of

13   documents related to the claims asserted on behalf of the putative class; Wells Fargo has produced,

14   and Class Counsel have deposed corporate representatives of Wells Fargo who had knowledge

15   regarding the facts relating to the litigation; Wells Fargo has produced, and Class Counsel has

16   reviewed, data on putative class members, including salary, position worked, and dates of hire and

17   termination.

18       6.    Based on their own independent investigation and evaluation, Class Counsel is of the

19   opinion that the Settlement with Wells Fargo for the consideration and on the terms set forth in this

20   Joint Stipulation is fair, reasonable, and adequate, and is in the best interest of the Settlement Class

21   Members in light of all known facts and circumstances, including the risk of significant delay, the

22   risk the Settlement Class will not be certified by the Court or that it will later be decertified, the

23   defenses asserted by Wells Fargo, and potential appellate issues.

24       7.    The entry of final judgment in this Action shall dismiss with prejudice all claims

25   alleged in the Action. The Settling Parties agree to cooperate and take all steps necessary and

26   appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and to

27   dismiss the Action with prejudice.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 84108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION                6.                    Case No.  05-CV-00585-CW

1    8.    Defendant Wells Fargo brought a cross-complaint against Plaintiff Gerlach

2 individually for conversion and unjust enrichment.  In exchange for a general release from Plaintiff

3 Gerlach, Defendant Wells Fargo will dismiss its cross complaint with prejudice, will execute a

4 general release of all claims against Plaintiff Gerlach, and will acknowledge that it has received

5 satisfaction for any alleged injury by Plaintiff Gerlach by a misdemeanor compromise as allowed

6 under Arizona Revised Statute Section 13-3981.

7 **III.    NO ADMISSION**

8    9.    Nothing contained in this Joint Stipulation and the Settlement contemplated in the

9 Joint Stipulation shall be construed or deemed an admission of liability, culpability, negligence, or

10 wrongdoing on the part of Wells Fargo, and Wells Fargo denies liability therefor.  While Wells

11 Fargo believes that this action meets the prerequisites for certification of a settlement class, the fact

12 that Wells Fargo seeks approval of this Settlement in the form of a class action shall not be construed

13 as an admission that the underlying action was properly brought as a class action, a representative

14 action under California Business and Professions Code section 17200, or a collective action under

15 the FLSA for purposes other than settlement.  Each of the Settling Parties has entered into this

16 Settlement with the intention to avoid further disputes and litigation with the attendant

17 inconvenience and expenses.  Settlement of the Action, the negotiation and execution of this Joint

18 Stipulation, and all acts performed or documents executed pursuant to or in furtherance of this Joint

19 Stipulation or the Settlement:  (a) are not, shall not be deemed to be, and may not be used as, an

20 admission or evidence of any wrongdoing or liability on the part of Wells Fargo or of the truth of

21 any of the factual allegations in the operative Complaints in the Action; (b) are not, shall not be

22 deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part

23 of Wells Fargo in any civil, criminal, administrative or arbitral proceeding in any court,

24 administrative agency or other tribunal; and (c) are not, shall not be deemed to be, and may not be

25 used as, an admission or evidence of the appropriateness of these or similar claims for class

26 certification or administration other than for purposes of administering this Joint Stipulation.  This

27 Joint Stipulation and all exhibits thereto are settlement documents and shall be inadmissible in

28

1    evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the

2    terms of the Joint Stipulation.

3        10.    Wells Fargo expressly reserves the right to reclassify and re-level its positions and

4    employees in the affected job classifications as it sees fit in Wells Fargo's sole discretion.

5    **IV.    TERMS OF THE SETTLEMENT**

6        11.    Settlement Payment and Tax Allocation.

7        a.    Defendants agree to pay $12,800,000 ("Settlement Payment"), which shall

8    include attorneys' fees and costs, the service payment to Named Plaintiff Reggie Place for his

9    services as a Class Representative, and court-approved costs of settlement administration.    In

10    addition, Defendant shall pay the employers' share of FICA and FUTA taxes, as well as other

11    applicable employer tax contributions associated with wage payments to Class Members.  Other than

12    the employer's share of FICA and FUTA taxes and other applicable employer tax contributions

13    and/or payments to taxing entities associated with wage payments to Class Members, under no

14    circumstances will Defendants be required to pay more than $12,800,000 total, for any reason under

15    this Settlement Agreement.

16        b.    All payments to settlement class members shall be allocated as follows:

17    33.33% of such payments shall be allocated to the payment of taxable wages and wage-related

18    payments and 66.67% of such payments shall be allocated to the payment of non-taxable interest,

19    penalties, liquidated damages, and related aspects of the settlement.  Wells Fargo will be responsible

20    for the employer's share of any payroll tax liability, including the employer's share of any future

21    liability arising from interactions with the IRS and/or any other taxing entities.

22        c.    For all Settlement Class Members, the Claims Administrator shall make

23    appropriate tax reporting and withholdings in accordance with applicable law and regulations and

24    will issue required state and federal reporting documents (such as IRS Forms W-2s and 1099s) to

25    Settlement Class Members, Class Counsel, and the Class Representative.

26        d.    The Notice, attached as Exhibit C, shall notify each Settlement Class Member,

27    of the dates the Settlement Class Member was in a Covered Position(s), the Covered Position(s)

28    held, the state(s) in which the Class Member was employed in the Covered Position(s), and the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**JOINT SETTLEMENT STIPULATION**    8.    **Case No.  05-CV-00585-CW**

1    salary rate used for the calculation being applied for his/her payment and shall provide thirty (30)

2    days from the date the Notice is mailed, for each Settlement Class Member to challenge this data.

3              e.      The Settlement Class Members shall receive all settlement compensation in

4    the form of cash. The class members release any claim that the alleged failure to pay overtime while

5    they were employed in a Covered Position during the Covered Period gave rise to certified

6    compensation under any benefit plan including any retirement plan maintained by Wells Fargo and

7    that monies received from the Settlement Payment are or should be treated as certified compensation

8    under the Wells Fargo Cash Balance Plan or any other Wells Fargo retirement plan.

9              12.     Attorneys' Fees and Costs.

10             a.      The Action alleges a potential claim for attorneys' fees and costs pursuant to,

11   *inter alia*, the California Labor Code and the FLSA. The Settling Parties and Class Counsel agree

12   that any and all such claims for attorneys' fees and costs have been settled in this Joint Stipulation

13   subject only to approval by the Court.

14             b.      Class Counsel will apply for, and Wells Fargo will not oppose, an award of

15   attorneys' fees in an amount up to, but not to exceed, twenty-five (25) percent of the Settlement

16   Payment (Three Million Two Hundred Thousand Dollars and No Cents (or $3,200,000.00)), and

17   costs of up to, but not to exceed, $178,500.00, all of which shall be paid exclusively from the

18   Settlement Payment, and will compensate Class Counsel for all of the work already performed, and

19   expenses already incurred, in the Action and all work remaining to be performed in documenting the

20   Settlement, securing Court approval of the Settlement, administering the Settlement, ensuring that

21   the Settlement is fairly administered and implemented, obtaining dismissal of the Action with

22   prejudice, and defending against any appeals, as well as all associated expenses. None of the named

23   Plaintiffs, Class Counsel, nor any other Settlement Class Member, shall seek payment of attorneys'

24   fees or reimbursement of costs or expenses related to this litigation from Wells Fargo except as

25   expressly set forth in this Joint Stipulation.

26             c.      The substance of Class Counsel's application for attorneys' fees and costs is

27   not part of this Joint Stipulation, and is to be considered separately from the Court's consideration of

28   the fairness, reasonableness, adequacy, and good faith of the settlement of the Action.   Any

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

JOINT SETTLEMENT STIPULATION            9.            Case No.  05-CV-00585-CW

1    proceedings related to Class Counsel's application for attorneys' fees shall not terminate or cancel

2    this Joint Stipulation, or otherwise affect the finality of the Court's Order granting final approval. In

3    the event that Class Counsel appeals the Court's decision on fees, the amount of fees approved by

4    the District Court and not in dispute shall be distributed to Class Counsel within fifteen (15) days of

5    Effective Final Approval and the amount of fees claimed by Class Counsel that are not approved by

6    the District Court and which are subject to an appeal by Class Counsel, if any, shall, within fifteen

7    (15) days of Effective Final Approval, be forwarded by Wells Fargo to the Claims Administrator,

8    who will be responsible for keeping those disputed funds until the appeal is resolved and distributing

9    them in accordance with the decision of the Court of Appeal. Any such appeal by Class Counsel

10   shall not hold up or in any way delay the distribution of the undisputed Net Settlement Fund to class

11   members or the distribution of the undisputed fees to Class Counsel. Upon payment of the disputed

12   portion to the Claims Administrator, Wells Fargo shall not be responsible or liable to Class Counsel

13   for the disputed attorneys' fees, including any interest on this amount or the administration of these

14   funds. Wells Fargo will not oppose Class Counsel's fee application in an appellate proceeding as

15   long as the total amount of attorneys' fees sought by Class Counsel does not exceed $3,200,000.00

16   along with interest on that amount after the Effective Date.

17          d.      In the event that Class Counsel are not awarded their requested fees and costs,

18   in whole or in part, no non-awarded fees or costs shall revert to Wells Fargo, but instead shall be

19   distributed to the San Francisco Legal Aid Society - Employment Law Center if the total amount of

20   the non-awarded fees together with any funds from Settlement Payment checks that were not

21   properly or timely negotiated, and were not used to pay the Claims Administrator's costs, does not

22   exceed $200,000. If the total amount of the non-awarded fees and any funds from Settlement

23   Payment checks that were not properly or timely negotiated, and were not used to pay the Claims

24   Administrator's costs, exceeds $200,000, those funds will be redistributed to the Settlement Class

25   Members pursuant to the formula set forth in Paragraph 13. The costs of administration of any non-

26   awarded fees or costs or unclaimed funds shall be taken from the non-awarded fees or costs and/or

27   the unclaimed funds. Wells Fargo will not be responsible for the costs of administration of the non-

28   awarded fees or costs and/or the unclaimed funds.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION                    10.                      Case No.  05-CV-00585-CW

1           e.      Within five (5) days prior to the Effective Final Approval by the Court, Class

2 Counsel shall deliver to the Claims Administrator (1) written instructions that describe in the manner

3 and mode of payment of such attorneys' fees and costs, and (2) fully executed Form W-9s with

4 respect to all persons or entities to whom some or all of the attorneys' fees and costs shall be paid.

5 Fees and costs will be paid within twenty (20) days of Effective Final Approval.

6           f.      IRS Form 1099s will be issued to Class Counsel for such amounts paid for

7 attorneys' fees and costs under this Settlement.

8           g.      Enhancements To Class Representative.   Conditioned upon the Class

9 Representative Reggie Place's execution of a general release in favor of Wells Fargo (in the form

10 attached as Exhibit D), upon Effective Final Approval, Wells Fargo agrees to pay to Plaintiff Place

11 as the Class Representative a service payment in the amount of $15,000 as an enhancement for his

12 service as Class Representative, which amounts shall be in addition to any payments he may

13 otherwise receive as a Settlement Class Member.  Wells Fargo will not oppose this service payment

14 to Plaintiff Place.  An IRS Form 1099 will be issued to the Class Representative for this service

15 payment.  Plaintiff Jasmin Gerlach will not seek, nor will Wells Fargo agree to pay, a service

16 payment for her service as the FLSA class representative as approved by the Court on March 28,

17 2006.

18           h.      Wells Fargo shall not be liable to named Plaintiff Jasmin Gerlach, or, in

19 connection with this litigation, the Settlement Class Members or Class Counsel for any attorneys'

20 fees or costs except as provided in this Agreement.  Only Class Counsel shall recover attorneys'

21 fees.

22       13.    Distribution To Settlement Class Members.

23           a.      The Claims Administrator will mail to all Settlement Class Members their

24 proportionate share of the Settlement Payment within forty-five (45) calendar days of Effective Final

25 Approval of this Settlement Agreement.  Wells Fargo will forward to the Claims Administrator

26 sufficient funds to pay Class Members and the Social Security Numbers (in an encrypted format) of

27 all Class Members who have not opted out, no later than fifteen (15) calendar days after Effective

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION       11.       Case No.  05-CV-00585-CW

1  Final Approval.   The Settlement Class Members' proportionate share of the Settlement Payment

2  shall be determined according to the following formula as calculated by the Claims Administrator:

3        i.    Multiply the Settlement Class Member's "Base Earnings" by the

4  number of Weeks Worked (as defined in Paragraph 13.b), by the appropriate "Strength of Claim

5  Factor," and by the "Damages Law Factor" as described below to obtain the "Individual Settlement

6  Class Member Numerator."

7        ii.    Add all Individual Settlement Class Member Numerators to obtain the

8  "Total Settlement Class Member Denominator."

9        iii.    Divide each Individual Settlement Class Member Numerator by the

10  Total Settlement Class Member Denominator to obtain the "Resulting Decimal."

11        iv.    The Resulting Decimal is multiplied by the total amount available for

12  distribution from the Net Settlement Fund to determine the amount to be paid to each Class Member

13  who is eligible to receive payments under this Settlement.

14        1.    Base Earnings:  BSC Levels 2-6 and E-BSC Levels 2-6 Base

15             Earnings will be each Settlement Class Member's weekly base

16             salary for each week during the Covered Period.

17        2.    Strength of Claim, Damages Law Factors:   Because the

18             strength of the claims of Class Members varies with the

19             positions they held during the Claims Period, and the law that

20             applies to the Class Member, Base Earnings described above

21             will be multiplied to create distribution factors.  For each week

22             worked during the Claims Period in a class position at Wells

23             Fargo, the "Strength of Claim Factor" (based on the Class

24             Member's job grade within Wells Fargo) and the product is

25             further multiplied by the "Damages Law Factor" (based on

26             whether the class member worked in California).  The product

27             of these factors is then multiplied by the Base Earnings for the

28             particular week at issue:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION          12.          Case No.  05-CV-00585-CW

3.     Strength of Claim Factor

    a.     A Class Member will have a Strength of Claim Factor of 8 for weeks worked in a BSC or E-BSC Level 2 position during the Claims Period;

    b.     A Class Member will have a Strength of Claim Factor of 7 for weeks worked in a BSC or E-BSC Level 3 position during the Claims Period

    c.     A Class Member will have a Strength of Claim Factor of 4 for weeks worked in a BSC or E-BSC Level 4 position during the Claims Period:

    d.     A Class Member will have a Strength of Claim Factor of 2 for weeks worked in a BSC or E-BSC Level 5 position during the Claims Period;

    e.     A Class Member will have a Strength of Claim Factor of 1 for weeks worked in a BSC or E-BSC Level 6 position during the Claims Period.

4.     Damages Law Factor

    a.     All Class Members will have a Damages Law Factor of 1.6 for Weeks Worked in a position in California;

    b.     All Class Members will have a Damages Law Factor of 1 for Weeks Worked in states other than California.

    b.     "Weeks Worked" shall mean the number of pay periods in which an employee had positive regular earnings, multiplied by the number of calendar weeks in a pay period, as the length of the pay periods changed from time to time during the Covered Period.

14.     Settlement Payment Date and Other Matters.

    a.     Within fifteen (15) calendar days of Effective Final Approval, Wells Fargo shall forward to the Claims Administrator the full amount of the $12,800,000.00 Settlement Payment.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**JOINT SETTLEMENT STIPULATION**          13.          **Case No.  05-CV-00585-CW**

b. The Claims Administrator shall make its best efforts to mail settlement payments to Settlement Class Members within forty-five (45) calendar days following Effective Final Approval. The Claims Administrator shall mail the $15,000 enhancement to Class Representative Reggie Place within twenty (20) calendar days following Effective Final Approval. Wells Fargo will forward to the Claims Administrator the Social Security Numbers (in an encrypted format) of all Class Members who have not opted out, no later than fifteen (15) calendar days after Effective Final Approval.

c. Each check to each Settlement Class Member shall contain the following language in the space above where the Settlement Class Member must sign to endorse the check: "By negotiating this check, the Settlement Class Member hereby opts in to and accepts the terms of the Settlement in the matter of *Gerlach, et al. v. Wells Fargo & Co., et al*, U.S. District Court, Northern District of California, Case No. 05-CV-00585-CW."

d. The Claims Administrator shall provide the payment for attorneys' fees and costs pursuant to the terms of Paragraph 12(c), and the written instructions of counsel, as provided in Paragraph 12(e).

e. Checks issued to Settlement Class Members pursuant to this Joint Stipulation shall remain negotiable for a period of at least one hundred eighty (180) days from the date of mailing. Any funds from checks which are not properly or timely negotiated shall be used to pay those reasonable costs of the Claims Administrator, to the extent that amount has not already been paid, and then any remaining funds shall be distributed to the San Francisco Legal Aid Society - Employment Law Center if the total amount of the funds, after payment of the Claims Administrator's costs, together with any non-awarded attorneys' fees and costs does not exceed $200,000. If the total amount of the funds, after the payment of the Claims Administrator's costs, together with non-awarded attorneys' fees and costs exceeds $200,000, those funds will be redistributed to the Settlement Class Members pursuant to the formula set forth in Paragraph 13. The costs of administration of any non-awarded fees or costs or unclaimed funds shall be taken from the non-awarded fees or costs and/or the unclaimed funds. Wells Fargo will not be responsible for the costs of administration of the non-awarded fees or costs and/or the unclaimed funds. Settlement

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION          14.          Case No. 05-CV-00585-CW

1  Class Members who fail to negotiate their check(s) in a timely fashion shall, like all Settlement Class

2  Members, remain subject to the terms of the Final Judgment and the Release of Claims.

3         f.    The Claims Administrator shall be entitled to payment, from the Settlement

4  Payment, for the reasonable costs of administering this settlement, estimated to be approximately

5  $70,000.  In the event that the Claims Administrator's reasonable costs of administering this

6  settlement exceed $70,000, the Claims Administrator shall file a declaration with the Court

7  explaining the basis for the costs above $70,000 and seeking approval for payment of the additional

8  reasonable costs out of the amount remaining from the Net Settlement Payment.  The Claims

9  Administrator shall not be paid for costs above $70,000 absent Court approval.

10  **V.    NOTICE TO SETTLEMENT CLASS**

11        15.    A Notice in the form attached as Exhibit C and approved by the Court shall be sent by

12  the Claims Administrator to the Settlement Class Members, by first class mail, within thirty (30)

13  calendar days of the Court's entry of the Order Granting Preliminary Approval of the Settlement and

14  Notice.  Attached to the Notice will be an Opt-out Form, in the form attached as Exhibit B.

15        16.    On August 11, 2006 Wells Fargo provided Plaintiffs' Counsel with a database of all

16  putative Settlement Class Members, including their dates of employment in a Covered Position from

17  August 29, 2001 to July 22, 2006, dates worked in California in a Covered Position from February 9,

18  2002 to July 22, 2006, compensation per pay period during the Covered Period, and related payroll

19  information.  This database was supplemented on September 18, 2006, to provide updated

20  information from July 23, 2006 to September 2, 2006.  The only supplements to the database

21  defining Class Members and covered workweeks will be for those persons hired and work weeks

22  after July 23, 2006.  The Settlement Class database is based on Wells Fargo's payroll and other

23  business records and the Settlement Class shall include those, and only those, persons and dates of

24  employment that were included in the database provided by Wells Fargo to Class Counsel on or

25  before September 18, 2006, including any additional persons hired into the Covered Positions up to

26  September 2, 2006. Within fifteen (15) calendar days after Preliminary Approval, Wells Fargo shall

27  provide the Claims Administrator with the last known addresses and telephone number for each class

28  member contained in the payroll data, in an encrypted format. The Claims Administrator shall abide

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

**JOINT SETTLEMENT STIPULATION**       15.       **Case No.  05-CV-00585-CW**

1   by Wells Fargo's information security requirements, including encrypting data and ensuring the

2   confidentiality of this information.  Wells Fargo agrees to consult with the Claims Administrator

3   prior to the production date to ensure that the format of the database will be acceptable to the Claims

4   Administrator.   All Counsel agree that any employee information provided by Wells Fargo to

5   Counsel pursuant to this Agreement or otherwise, including Wells Fargo employee social security

6   numbers, salary or wages, disciplinary measures, or medical information (collectively, "Wells Fargo

7   Employee Information") must be kept confidential.  Counsel agree: (i) not to disclose or use the

8   Wells Fargo Employee Information except as may be reasonably necessary to carry out the

9   provisions of this Agreement or as may become required by law or legal process; and (ii) to take all

10  reasonable measures, including, without limitation, such measures as counsel take to safeguard its

11  own confidential information, to ensure the security and confidentiality of all Wells Fargo Employee

12  Information, to protect against anticipated threats or hazards to the security of Wells Fargo

13  Employee Information and to protect against unauthorized access to or use of Wells Fargo Employee

14  Information, including its proper disposal.  Counsel further agree to promptly notify Wells Fargo in

15  the event that they have a reasonable suspicion that any Wells Fargo Employee Information has been

16  accessed by any unauthorized person while in the control and custody of either counsel.  In the event

17  that it becomes necessary for counsel to retain expert witnesses to review and/or analyze Wells

18  Fargo Employee Information, Counsel agree to have such expert execute a confidentiality and non-

19  disclosure agreement with respect to protection and safeguarding of all Wells Fargo Employee

20  Information.

21      17.     Wells Fargo will not provide the Claims Administrator with any Class Member Social

22  Security Numbers until the time it forwards to the Claims Administrator the Settlement Payment as

23  provided in Paragraph 13(a), except in response to a request by the Claims Administrator due to the

24  inability to locate a Class Member.  In that circumstance, Wells Fargo will provide the Social

25  Security Number for the requested individuals only, in an encrypted format to be determined

26  between Wells Fargo and the Claims Administrator. The Claims Administrator shall abide by Wells

27  Fargo's information security requirements and procedures, including encrypting data and ensuring

28  the confidentiality of this information.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION            16.            Case No.  05-CV-00585-CW

18.    The Claims Administrator will use skip tracing devices to obtain forwarding addresses and forward returned mail to ensure that the Notice and Opt-out Forms are sent to all Settlement Class Members.  It will be presumed that if an envelope so mailed has not been returned within thirty (30) days of the mailing that the Settlement Class Member received the Notice and Opt-out Form.  With respect to returned envelopes, the Claims Administrator will use reasonable diligence to obtain a current address and re-mail the envelope to such address within ten (10) calendar days of the receipt of the returned envelope.

19.    Class Counsel shall provide the Court, at least ten (10) court days prior to the final fairness and approval hearing, a declaration by the Claims Administrator specifying the due diligence it has undertaken with regard to the mailing of the Notice and Opt-out Form.

## VI.    NOTICE AND OPT-OUT PROCESS

20.    Within thirty (30) calendar days following the Court's entry of the Order Granting Preliminary Approval of the Settlement and Notice, the Claims Administrator will mail to all Settlement Class Members the Notice and Opt-out Form by first class U.S. Mail (as set forth above).

21.    Each Notice will list the dates the Settlement Class Member was in a Covered Position, the Covered Position(s) held, the state(s) in which the Class Member was employed the Covered Position(s), and salary used in the calculation being applied for the Class Member's Payment, according to Wells Fargo's records.

22.    If a Class Member does not Opt-out and does not wish to challenge Defendants' records as to the number of weeks worked in a Covered Position during the Covered Period, the state(s) in which the Class Member worked, the level(s) of BSC or E-BSC worked in, or the wage paid to the Class Member, the Class Member need do nothing, as directed in the Notice, and payment will be made based on Defendants' records at the time specified in Paragraph 14 above.

23.    If a Class Member wishes to challenge Defendants' records regarding the number of weeks the Class member worked in a Class Position during the Claims Period, the state(s) the Class Member worked in, the wages paid to the Class Member, or the level(s) of BSC or E-BSC the Class Member worked in, the Class Member must submit a written, signed challenge along with supporting documents to the Claims Administrator at the address provided on the Notice within

JOINT SETTLEMENT STIPULATION          17.          Case No.  05-CV-00585-CW

1    thirty (30) calendar days of the date the Notice was mailed to the Class Member.  No dispute will be

2    timely if postmarked more than thirty (30) calendar days after the date the Notice was mailed to

3    Class Members.  The Claims Administrator, in its sole discretion, will resolve the challenge and

4    make a final and binding determination without hearing or right of appeal within fifteen (15) days

5    thereafter.  Where the Class Member does not provide documentary evidence in support of that Class

6    Member's challenge, the Claims Administrator will not consider the challenge due to insufficient

7    evidence.

8         24.     In order for a Settlement Class Member to validly and effectively opt out of this

9    Settlement, the Settlement Class Member must submit a Opt-out Form to the Claims Administrator

10   that is postmarked by, or physically delivered to the Claims Administrator no later than, thirty-five

11   (35) calendar days after the date of mailing of the Notice and Opt-out Form.

12        25.     No Opt-out Form will be accepted if postmarked or physically delivered to the

13   Claims Administrator after the deadline to submit such form as set forth in this Section.  Late-

14   submitted Opt-out Forms will not be accepted or effective.  All original Opt-out Forms shall be sent

15   directly to the Claims Administrator at the address indicated on the Opt-out Form and the Claims

16   Administrator will forward such Opt-out Forms to Class Counsel.

17        26.     The Claims Administrator will certify jointly to Class Counsel and Wells Fargo's

18   counsel which Opt-out Forms were timely or untimely filed/submitted.

19        27.     The Claims Administrator shall report to all counsel, in summary or narrative form,

20   the substance of any discrepancies submitted by the Settlement Class Member and Wells Fargo's

21   records.  The Claims Administrator shall be granted reasonable access to Wells Fargo's records that

22   relate to the discrepancies in order to perform their duties, but shall not turn over such records to the

23   Class Representative or Class Counsel absent written consent of Wells Fargo's counsel.  The Claims

24   Administrator shall have full authority to resolve any such discrepancies, subject to approval of final

25   payments by the Court.

26        28.     No later than twenty-one (21) calendar days prior to the final fairness and approval

27   hearing, the Claims Administrator will submit a list to counsel for Wells Fargo and Class Counsel of

28   (a) all timely, valid Opt-out Forms, and (b) all objections received from Settlement Class Members.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION          18.          Case No.  05-CV-00585-CW

29.    No later than twenty-one (21) calendar days prior to the final fairness and approval hearing, the Claims Administrator will mail written notification to those Settlement Class Members whose Opt out Forms are untimely, invalid or denied for other reasons, e.g., the individual is not a member of the Settlement Class because the individual did not hold the Covered Position during the Covered Period.

30.    The Claims Administrator shall be responsible for issuing the payments to Settlement Class Members and calculating, reporting, and paying all payroll tax withholdings required by state and federal law and will file proof of payment with the Court and will serve Class Counsel with a copy within sixty (60) calendar days after Effective Final Approval.  The Claims Administrator shall provide Plaintiffs' Counsel with certification that the Settlement Payment was distributed in accordance with this Settlement and that there was no reversion to Wells Fargo.

31.    All payments shall include a cover letter that explains that the payments are made in settlement of the *Gerlach v. Wells Fargo* case and represent the individual's settlement payment for claims asserted in that case.

## VII.    OBJECTIONS TO SETTLEMENT

32.    Deadline for Objections.  Any Settlement Class Member wishing to object to the Court's approval of this Settlement shall follow the procedures set forth herein and shall file any such objections and memorandums of points and authorities in support thereof with the Court and shall serve counsel for the Settling Parties no later than thirty (30) days from the mailing of notice. A Settlement Class Member who has submitted an Opt-out Form may not submit any objections to the Settlement.

33.    Failure to Object.  Any Settlement Class Member who fails to file a timely written objection shall be foreclosed from objecting to this Settlement, unless otherwise ordered by the Court.

34.    Responses to Objections.  Counsel for the Settling Parties shall file any response to any objections filed by objecting Settlement Class Members at least seven (7) calendar days before the final fairness and approval hearing.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION                19.                    Case No.  05-CV-00585-CW

## VIII.    RELEASE OF CLAIMS

35.      Upon Effective Final Approval and payment of amounts set forth herein, and except as to such rights or claims as may be created by this Settlement Agreement, the Settlement Class Members who do not opt out, fully release and discharge Wells Fargo, its parent, subsidiary, and affiliated corporations and entities, and each of their respective officers, directors, agents, employees, partners, attorneys, insurers, and shareholders, and their respective predecessors, successors, and assigns (the "Released Parties"), from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, liquidated damages, interest, penalties, action or causes of action whatever kind or nature, including Unknown Claims, that were averred or could have been averred relating to or arising from their employment in a Covered Position during the Covered Period based upon the facts alleged in the Second Amended Complaint, including all claims related to misclassification of exempt status, missed meal periods; failure to provide timely accurate wage statements and maintain required payroll records; waiting time penalties; interest and other penalties under federal and state law,  including but not limited to the California Labor Code, California Business and Professions Code section 17200 *et seq.*, the Fair Labor Standards Act, as amended, and the Employee Retirement Income Security Act of 1974 ("Released Claims").

36.      Released Claims by the Class Representative.  Upon Effective Final Approval, Class Representative Reggie Place hereby fully and finally releases and discharges the Released Parties (defined in Paragraph 35, above) from any and all of the Released Claims (defined in Paragraph 34, above) and from any and all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected, that the Class Representative had, now have, or may hereafter claim to have against the Released Parties arising out of, or relating in any way to, the Class Representative's hiring by, employment with, separation of employment with the Released Parties ("Class Representative's Released Claims"), arising or accruing from the beginning of time up through Effective Final Approval ("Class Representative's Released Period").  The Class Representative's Released Claims include, but are not limited to, claims arising from or dependent on the California Labor Code; the Wage Orders of the California

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

JOINT SETTLEMENT STIPULATION                    20.                    Case No.  05-CV-00585-CW

1    Industrial Welfare Commission; California Business and Professions Code section 17200 *et seq.*; the

2    California Fair Employment and Housing Act, Cal. Gov't Code § 12900 et seq.; the California

3    common law of contract and tort; Title VII of the Civil Rights Act of 1964; the Americans with

4    Disabilities Act, 42 U.S.C. § 12101 et seq.; the Employee Retirement Income Security Act of 1974,

5    29 U.S.C. § 1001 et seq.; the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and the Portal to

6    Portal Act, 29 U.S.C. § 251 et seq.   The Class Representative shall sign and deliver to counsel for

7    Wells Fargo the General Release attached as Exhibit D.

8        37.    Released Claims by Jasmin Gerlach. Upon Effective Final Approval, Jasmin Gerlach

9    hereby fully and finally releases and discharges the Released Parties (defined in Paragraph 35,

10   above) from any and all of the Released Claims (defined in Paragraph 35, above) and from any and

11   all claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities,

12   known or unknown, suspected or unsuspected, that Jasmin Gerlach had, now have, or may hereafter

13   claim to have against the Released Parties ("Gerlach's Released Claims"), arising or accruing from

14   the beginning of time up through Effective Final Approval ("Gerlach's Released Period").  Gerlach's

15   Released Claims include, but are not limited to, claims arising from or dependent on the California

16   Labor Code; the Wage Orders of the California Industrial Welfare Commission; California Business

17   and Professions Code section 17200 et seq.; the California Fair Employment and Housing Act, Cal.

18   Gov't Code § 12900 et seq.; the California common law of contract and tort; Title VII of the Civil

19   Rights Act of 1964; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; the Employee

20   Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.;  the Fair Labor Standards Act, 29

21   U.S.C. § 201 et seq. and the Portal to Portal Act, 29 U.S.C. § 251 et seq.  Ms. Gerlach shall sign and

22   deliver to counsel for Wells Fargo the General Release attached as Exhibit E.

23       38.    Upon Final Effective Approval, Wells Fargo hereby fully and finally releases and

24   discharges the Plaintiff Jasmin Gerlach from any and all claims, charges, complaints, liens, demands,

25   causes of action, obligations, damages and liabilities, Unknown Claims, known or unknown,

26   suspected or unsuspected, that Wells Fargo had, now have, or may hereafter claim to have against

27   Jasmine Gerlach arising or accruing from the beginning of time up through Effective Final

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION                 21.                 Case No.  05-CV-00585-CW

1    Approval. Wells Fargo shall sign and deliver to Plaintiff's counsel the General Release attached as

2    Exhibit E.

3        39.    Upon Effective Final Approval, Defendants will dismiss with prejudice all

4    counterclaims against Plaintiff Gerlach.

5        40.    Upon the Effective Final Approval, Defendants acknowledge that they have received

6    satisfaction for any alleged injury by Plaintiff Gerlach as a misdemeanor compromise as allowed

7    under Arizona Revised Statute Section 13-3981.

8    **IX.    DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

9        41.    By September 28, 2006, the Settling Parties shall submit this Joint Stipulation to the

10   Court in support of Plaintiffs' Motion for Preliminary Approval and determination by the Court as to

11   its fairness, adequacy, and reasonableness.  By September 28, 2006, Plaintiffs shall apply for an

12   Order: (1) Provisionally Certifying Settlement Classes; (2) Preliminarily Approving Class Action

13   Settlement and Plan of Distribution; (3) Directing Distribution of Notice of the Settlement; and (4)

14   Setting a Schedule for the Final Settlement Approval Process.  The Order sought shall not be

15   opposed by Defendants and shall be substantially in the form attached as Exhibit A, which shall

16   provide for, among other things, the following:

17            a.    Scheduling a final fairness and approval hearing on the question of whether

18   the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the

19   Settlement Class and providing that such final fairness and approval hearing be scheduled for a date

20   that is no earlier than the date required to ensure compliance with the Class Action Fairness Act;

21            b.    Approving as to form and content the proposed Notice, in substantially the

22   form attached as Exhibit C;

23            c.    Approving as to form and content the proposed Opt-out Form, in

24   substantially the form attached as Exhibit B;

25            d.    Directing the mailing of the Notice Opt-out Form by first class mail to the

26   Settlement Class Members;

27            e.    Preliminarily approving the Settlement;

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION            22.            Case No.  05-CV-00585-CW

f.      Preliminarily certifying the Settlement Class for Settlement purposes only; and

g.      Approving Steven G. Zieff, David A. Lowe, and Patrice L. Goldman of Rudy, Exelrod & Zieff, LLP, James M. Finberg and Jahan C. Sagafi of Lieff, Cabraser, Heimann & Bernstein, LLP, Todd F. Jackson, Claire Kennedy-Wilkins, and Michelle Roberts of Lewis, Feinberg, Renaker & Jackson P.C., and Robert Ira Spiro of Spiro, Moss, Barness, Harrison & Barge, LLP as Class Counsel, Reggie Place as Class Representative, and Settlement Services Inc. as Claims Administrator.

## X.      DUTIES OF THE PARTIES FOLLOWING FINAL COURT APPROVAL

42.     Following final approval by the Court of the Settlement, Class Counsel will submit a proposed Order Granting Final Approval of Class Action Settlement, which shall provide, among other things, as follows:

a.      Approving the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

b.      Approving Class Counsel's application for an award of attorneys' fees and reimbursement of costs;

c.      Approving the Class Representative's service payments;

d.      Certifying the Settlement Class for purposes of this Settlement only; and

e.      Dismissing this Action with prejudice as set forth in this Settlement Agreement.

f.      Retaining continuing jurisdiction over the implementation, interpretation, administration, and consummation of the Settlement; and over all parties to the Settlement for the purpose of taking such other actions as may be necessary to administer, implement or enforce the Settlement.

## XI.     EFFECT OF NON-APPROVAL

43.     If this Joint Stipulation is not preliminarily or finally approved by the Court and/or if Final Judgment is not entered dismissing the Action with prejudice or if Wells Fargo exercises the option to revoke pursuant to Paragraph 59, below (e.g., Opt-outs exceed ten percent), this Joint

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

1    Stipulation shall be null and void.  In such event, (a) nothing in this Joint Stipulation shall be

2    construed as a determination, admission, or concession of any issue in the Action, and nothing in this

3    Joint Stipulation may be offered into evidence in any trial on the merits of the claims asserted in the

4    Operative Complaints filed in the Action or in any subsequent pleading; (b) the Settling Parties

5    expressly reserve their rights with respect to the prosecution and defense of the Action as if this Joint

6    Stipulation never existed; and (c) the Settling Parties shall each be responsible for one-half of any

7    costs for Notice or claims administration incurred by the Claims Administrator through that date.  If

8    there is any reduction in the attorneys' fees award, such reduction may be appealed as set forth

9    herein, but is not a basis for rendering this Joint Stipulation void, voidable, and/or unenforceable.

10   **XII.    PARTIES' AUTHORITY**

11           44.    The respective signatories to the Settlement represent that they are fully authorized to

12   enter into this Settlement and bind the respective Settling Parties to its terms and conditions.

13   **XIII.   MUTUAL COOPERATION**

14           45.    The Settling Parties agree to fully cooperate with each other to accomplish the terms

15   of this Settlement, including but not limited to, execution of such documents and to take such other

16   action as may reasonably be necessary to implement the terms of this Settlement.  The Settling

17   Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other

18   efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this

19   Settlement.  As soon as practicable after execution of this Settlement, Class Counsel shall, with the

20   assistance and cooperation of Wells Fargo and their counsel, take all necessary steps to secure the

21   Court's final approval.

22   **XIV.   NO PRIOR ASSIGNMENTS**

23           46.    The Settling Parties and Class Counsel represent, covenant, and warrant that they

24   have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or

25   encumber to any person or entity any portion of any liability, claim, demand, action, cause of action

26   or right released and discharged in this Settlement.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**JOINT SETTLEMENT STIPULATION**             24.             **Case No.  05-CV-00585-CW**

XV.   **ENFORCEMENT ACTIONS**

47.     In the event that one or more of the Settling Parties institutes any legal action, arbitration, or other proceeding against any other Settling Party or Parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful Settling Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

XVI.   **NOTICES**

48.     Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be: (1) in writing; (2) deemed given on the third business day after mailing; and (3) sent via United States registered or certified mail, return receipt requested, addressed as follows:

To the Class Members:

James M. Finberg (State Bar No. 114850)
Jahan C. Sagafi (State Bar No. 224887)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Todd F. Jackson (State Bar No. 202598)
Claire Kennedy-Wilkins (State Bar No. 231897)
Michelle Roberts (State Bar No. 239092)
LEWIS, FEINBERG, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA  94612
Telephone:  (510) 839-6824
Facsimile:  (510) 839-7839

Steven G. Zieff (State Bar No. 084222)
David A. Lowe – (State Bar. No. 178811)
Patrice L. Goldman – (State Bar No. 142855)
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA  94104
Telephone:  (415) 434-9800
Facsimile:  (415) 434-0513

Robert Ira Spiro – (State Bar No. 067641)
Spiro Moss Barness Harrison & Barge LLP

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION            25.            Case No.  05-CV-00585-CW

11377 W. Olympic Blvd., 5th Floor
Los Angeles, CA 90064-1625
Telephone: (310) 235-2468
Facsimile: (310) 235-2456

To Defendants:

Nancy Pritikin (State Bar No. 102392)
Littler Mendelson
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108
Telephone: (415) 433-1940
Facsimile: (415) 399-8490

## XVII.  CONSTRUCTION

49.     The Settling Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Settling Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of this Settlement.

## XVIII. CAPTION AND INTERPRETATIONS

50.     Paragraph or Section titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision.  Each term of this Settlement is contractual and not merely a recital.

## XIX.   MODIFICATION

51.     This Joint Stipulation may not be changed, altered, or modified, except in writing and signed by the Settling Parties, and approved by the Court.  This Joint Stipulation may not be discharged except by performance in accordance with its terms or by a writing signed by the Settling Parties.

## XX.    INTEGRATION CLAUSE

52.     This Joint Stipulation contains the entire agreement between the Settling Parties relating to the resolution of the Action, and all prior or contemporaneous agreements (except the Settlement Agreement, General Release between Wells Fargo and the Class Representative, and General Release between Wells Fargo and Jasmin Gerlach), understandings, representations, and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION          26.          Case No.  05-CV-00585-CW

1    statements, whether oral or written and whether by a party or such party's legal counsel, are merged

2    in this Settlement. No rights under this Settlement may be waived except in writing.

3    **XXI.  BINDING ON ASSIGNS**

4         53.     This Settlement shall be binding upon and inure to the benefit of the Settling Parties

5    and their respective heirs, trustees, executors, administrators, successors, and assigns.

6    **XXII.  CLASS COUNSEL SIGNATORIES**

7         54.     It is agreed that because the members of the Settlement Class are so numerous, it is

8    impossible or impractical to have each Settlement Class Member sign this Joint Stipulation. The

9    Notice will advise all Settlement Class Members of the binding nature of the release. Excepting

10    only the Settlement Class Members who timely submit an Opt-out Form, the Notice shall have the

11    same force and effect as if this Settlement were executed by each Settlement Class Member.

12    **XXIII. COUNTERPARTS**

13         55.     This Settlement may be executed in counterparts, and when each Settling Party has

14    signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and,

15    when taken together with other signed counterparts, shall constitute one Settlement, which shall be

16    binding upon and effective as to all Settling Parties.

17    **XXIV. CONFIDENTIALITY PRECEDING PRELIMINARY APPROVAL**

18         56.     The Settling Parties and their counsel agree that they will not issue any press releases

19    or have any communication with the press regarding the Settlement prior to the filing of the

20    Preliminary Approval of this Settlement by the Court.

21    **XXV.  PUBLIC COMMENT**

22         57.     The Settling Parties and their counsel agree that the only press release regarding this

23    matter that will be issued by the Settling Parties or their respective counsel will be a mutually

24    agreed-upon press release, which the Settling Parties will issue upon Preliminary Approval of this

25    Settlement.

26    **XXVI. CLASS CERTIFICATION**

27         58.     The Settling Parties agree that Class Certification is for settlement purposes only and

28    if for any reason, this Settlement is not approved, the Stipulation will be of no force or effect. By

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT SETTLEMENT STIPULATION      27.      Case No.  05-CV-00585-CW

agreeing to settle this matter on a class basis, Wells Fargo is in no way admitting that class certification is proper for purposes other than settlement and that evidence of this Joint Stipulation will not be deemed admissible in this or any other proceeding except as necessary to secure approval of this settlement.

**XXVII.      RIGHT OF REVOCATION**

59.      If more than ten percent (10%) of the Settlement Class Members timely submit Opt-out Forms, Wells Fargo has the exclusive right to void this Settlement.  Wells Fargo shall make its election ten (10) court days prior to the final fairness and approval hearing.  If the Settlement is not approved or is voided, neither the Class Representative nor Class Counsel shall be liable for any costs of administration.  This ten percent opt out threshold shall be triggered if (a) the total number of Settlement Class Members who submit Opt-out Forms equals or exceeds ten percent of the Settlement Class, or (b) if the dollar value of claims of Settlement Class Members who submit Opt-out Forms equals or exceeds ten percent of the Settlement Class Member Distribution Amount.

**XXVIII.      GOVERNING LAW**

60.      This Joint Stipulation and the Exhibits attached hereto shall be deemed to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California.  The rights and obligations of the Settling Parties under this Joint Stipulation shall be construed and enforced in accordance with, and be governed by, the substantive and procedural laws of the State of California without regard to California's choice of law principles.

**XXIX. CONTINUING JURISDICTION**

61.      Except as otherwise specifically provided for herein, the Court shall retain jurisdiction to construe, interpret, and enforce this Joint Stipulation and the Settlement, to supervise all notices, the administration of the Settlement and this Joint Stipulation, and to hear and adjudicate any dispute arising from or related to the Settlement and/or the Joint Stipulation.

DATED:  9/28/06

LEWIS, FEINBERG, RENAKER & JACKSON, P.C.

By: C. Kennedy-U _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**JOINT SETTLEMENT STIPULATION**        28.        **Case No.  05-CV-00585-CW**

1

2    DATED: 9-27-2006        Attorneys for Plaintiffs

3                        By: _____
                        Reggie Place

4                        Plaintiff

5    DATED:               By: _____

6                        Jasmin Gerlach
                        Plaintiff

7

8

9    DATED:               LITTLER MENDELSON

10

11                        By: _____
                        Nancy Pritikin

12                        Attorneys for Defendant

13

14    DATED:               By: _____

15                        Wells Fargo

16                        _____
                        Printed Name and Title

17

18    **Attorneys for Plaintiffs:**

19    Todd F. Jackson, CA State Bar No. 202598
       Claire Kennedy-Wilkins, CA State Bar No. 231897

20    Michelle Roberts – CA State Bar No. 239092
       LEWIS, FEINBERG, RENAKER & JACKSON

21    1330 Broadway, Suite 1800
       Oakland, CA 94612

22    Email: tjackson@lewisfeinberg.com, ckwilkins@lewisfeinberg.com,

23    mroberts@lewisfeinberg.com
       Telephone: 510.839.6824

24    Facsimile: 510.839.7839

25    Steven G. Zieff, CA State Bar No. 84222

26    David A. Lowe, CA State Bar No. 178811
       Patrice L. Goldman, CA State Bar No. 142855

27    RUDY, EXELROD & ZIEFF, LLP
       351 California Street, Suite 700

28    San Francisco, CA 94104

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 3463
415.433.1940

JOINT SETTLEMENT STIPULATION        29.        Case No.  05-CV-00585-CW

1                                    Attorneys for Plaintiffs

DATED:                     By: _____
                                   Reggie Place
                                   Plaintiff

DATED: 9-28-06        By: *Jasmin Gerlach (signature)*
                                   Jasmin Gerlach
                                   Plaintiff

DATED:                     LITTLER MENDELSON

                              By: _____
                                   Nancy Pritikin
                                   Attorneys for Defendant

DATED:                     By: _____
                                   Wells Fargo

                              _____
                                   Printed Name and Title

**Attorneys for Plaintiffs:**

Todd F. Jackson, CA State Bar No. 202598
Claire Kennedy-Wilkins, CA State Bar No. 231897
Michelle Roberts – CA State Bar No. 239092
LEWIS, FEINBERG, RENAKER & JACKSON
1330 Broadway, Suite 1800
Oakland, CA 94612
Email: tjackson@lewisfeinberg.com, ckwilkins@lewisfeinberg.com,
mroberts@lewisfeinberg.com
Telephone: 510.839.6824
Facsimile: 510.839.7839

Steven G. Zieff, CA State Bar No. 84222
David A. Lowe, CA State Bar No. 178811
Patrice L. Goldman, CA State Bar No. 142855
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104

1                              Attorneys for Plaintiffs

2

    DATED:                      By: _____

3                               Reggie Place
                                 Plaintiff

4

5     DATED:                      By: _____

6                               Jasmin Gerlach
                                 Plaintiff

7

8

9     DATED: September 28, 2006         LITTLER MENDELSON

10                               By: _____

11                               Nancy Pritikin
                              Attorneys for Defendant

12

13     DATED: September 27, 2006         By: _____

14                               Wells Fargo

15                               Michael Bracco, Sr. VP
                              Printed Name and Title

16

17

18 **Attorneys for Plaintiffs:**

19 Todd F. Jackson, CA State Bar No. 202598
Claire Kennedy-Wilkins, CA State Bar No. 231897

20 Michelle Roberts – CA State Bar No. 239092
LEWIS, FEINBERG, RENAKER & JACKSON

21 1330 Broadway, Suite 1800
Oakland, CA 94612

22 Email: tjackson@lewisfeinberg.com, ckwilkins@lewisfeinberg.com,
mroberts@lewisfeinberg.com

23 Telephone: 510.839.6824

24 Facsimile: 510.839.7839

25 Steven G. Zieff, CA State Bar No. 84222
David A. Lowe, CA State Bar No. 178811

26 Patrice L. Goldman, CA State Bar No. 142855
RUDY, EXELROD & ZIEFF, LLP

27 351 California Street, Suite 700

28 San Francisco, CA 94104

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 84108.2603
415.433.1940

JOINT SETTLEMENT STIPULATION           29.           Case No.  05-CV-00585-CW

1    Email szieff@reztlaw.com; dal@reztlaw.com;
2    plg@reztlaw.com
     Telephone: 415.434.9800
3    Facsimile: 415.434.0513

4    James M. Finberg, CA State Bar No. 114850
     Jahan C. Sagafi, CA State Bar No. 224887
5    LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
     275 Battery Street, 30th Floor
6    San Francisco, CA 94111-3339
7    Email: jfinberg@lchb.com, jsafafi@lchb.com
     Telephone: 415.956.1000
8    Facsimile: 415.956.1008

9    Robert Ira Spiro, CA State Bar No. 67641
     SPIRO, MOSS, BARNESS, HARRISON & BARGE, LLP
10   11377 W. Olympic Boulevard, Floor 5
11   Los Angeles, CA 90064-1625
     Email: ispiro@smbhblaw.com
12   Telephone: 310.235.2468
     Facsimile: 310.235.2456
13

14   **Attorneys for Defendants:**
     NANCY E. PRITIKIN, Bar No. 102392
15   R. BRIAN DIXON, Bar No. 076247
     KRISTA A. STEVENSON, Bar No. 185241
16   LITTLER MENDELSON
     A Professional Corporation
17   650 California Street, 20th Floor
     San Francisco, CA  94108.2693
18   Email:  nepritikin@littler.com; bdixon@littler.com; kjohnson@littler.com
     Telephone:    415.433.1940
19   Facsimile:    415.399.8490

20

21

22   Firmwide:81516323.1 021021.1017

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**JOINT SETTLEMENT STIPULATION**          30.          **Case No.  05-CV-00585-CW**